JOHN PORTER *v.* AARON GILE ET ALS.

[ s. c. 44 Vt. 520. ]

*Conclusiveness of Judgment.*

When the court has jurisdiction of the subject-matter of the suit and of the parties, the judgment, so long as it remains in force, is conclusive upon the parties and their privies in respect to all matters involved in the suit.

Such judgment cannot be collaterally impeached between the parties thereto, but only by some proper proceeding bearing directly upon it, instituted for the purpose of having it vacated and set aside.

DEBT on judgment. The defendant Gile pleaded specially,

" That the said pretended judgment in said declaration mentioned, is based upon a note which was executed by said defendants by merely signing the same, and by them retained in their possession, and was made payable to said plaintiff, but was never delivered, and was never to be delivered nor collected, unless the amount of said note should be realized from the sale of a certain patent, for or about which said note was executed ; that said plaintiff never had, and has not now, any interest or title in or to said note nor said judgment ; that said patent was and is utterly worthless, and nothing whatever was ever realized from said patent, nor from the sale of the same by any of the parties ; that said note remained in the hands of said Stephen S. Downer, as one of the signers thereof, so undelivered and uncollectable, and said Downer, or some other of the signers of said note, procured a suit to be commenced counting on said note, against all said defendants, without the knowledge or consent of said plaintiff, and without the consent or knowledge of said Gile ; that said Stephen pretended to take upon himself the defence of said last-named suit, and to have the control of said suit, and assured this defendant that he, the said Stephen, would either defend or cause to be discontinued said suit last named ; that said Gile, relying upon said Stephen's said assurance, and supposing said Stephen was acting in entire good faith, suffered said Stephen to take charge of said defence and said suit ; that said Stephen wrongfully, and with intent to injure said Gile, did not cause to be discontinued or make defence to said suit, but procured and suffered judgment to be rendered against all said de-

fendants, which last-named judgment is the same judgment named in said plaintiff's declaration ; that said plaintiff never had, and has not now, any interest in or title to said judgment, and the note upon which it is based was never delivered, and was without any consideration and void ; that said judgment, so fraudulently and wrongfully recovered, and the execution issued on the same, came into the hands and possession of said Downer, one of the debtors therein, and no other person ever had any legal or rightful interest or title in or to said judgment and execution ; that said Downer corruptly and wrongfully, after the rendering of said judgment as aforesaid, sold the said judgment and execution to one Asa T. Barron, for the purpose of wrongfully compelling said Gile to pay the whole of the same, as said Stephen is wholly irresponsible, and also said Alvan Tucker, the other defendant therein ; and the said Barron instituted and is prosecuting this suit for the wrongful purpose aforesaid."

The plaintiff demurred, for that the matters contained in said plea were such as might have been shown by said Gile in defence of the suit in which said judgment was obtained, and therefore he had no right to allege or prove them to defeat that judgment, in this suit ; that as to the alleged wrongful acts of said Downer, if sufficient to avoid the judgment, it should be in a proceeding taken for that purpose, and not by attacking the judgment collaterally in a suit upon the judgment ; and that the entire facts set forth in the plea, were such as might have been plead and insisted upon in defence by said Gile in the suit in which said judgment was rendered, or alleged and insisted upon in a proceeding to set aside said judgment; and that said judgment was conclusive against said Gile, until annulled, reversed, or set aside.

The court, at the May term, 1873, BARRETT, J., presiding, sustained the demurrer, adjudged the plea insufficient, and rendered judgment for the plaintiff ; to which the defendant Gile excepted.

*William E. Johnson* and *A. P. Hunton*, for the plaintiff.

The plea shows that Gile had notice of the suit in which the judgment was rendered. We submit that he is concluded by the judgment, so long as the same is not annulled, reversed, or set aside by a proceeding taken for that purpose. *Barney* v. *Goff & Cady*, 1 D. Chip. 304 ; *Allen* v. *Huntington et al.* 2 Aik. 249 ;

*Walbridge* v. *Hall*, 3 Vt. 114, per WILLIAMS, J., 119, 120 ; *Kempis Lessen* v. *Kennedy*, 5 Cranch, 173 ; *Voorhes* v. *Bank U. S.* 12 Cow. 193. We claim that Gile has no right to avoid the judgment in this suit, on the ground of fraud on the part of Downer. *Nason et al.* v. *Smalley et als.* 8 Vt. 118 ; *Newcomb et al.* v. *Peck et al.* 17 Vt. 302 ; *Hammond & Draper* v. *Wilder & Locke*, 25 Vt. 342 ; 7 Cranch, 332 ; 1 Chit. Pl. 521, 522 : *Moore* v. *Bowmaker*, 7 Taunt. 97.

Gile could have applied to the court which rendered the judgment to have it vacated. *Adams et al.* v. *Howard*, 14 Vt. 158 ; *Smith et al.* v. *Howard*, 41 Vt. 74 ; *De Medina* v. *Grove*, 10 Q. B. 152. The conclusiveness of a judgment as held in this state, is supported and maintained by the decisions in other states. *Homer* v. *Fish et al.* 1 Pick. ; *Peck* v. *Woodbridge*, 3 Day, 36 ; *Dunlap* v. *Glidden et als.* 31 Me. 435 ; *Smith* v. *Abbott*, 40 Me. 442.

*D. C. Denison & Son* and *W. C. French*, for the defendant Gile.

This case was before this court and reported 44 Vt. 520. The court then held that if Downer was once the owner of the judgment and sold it to Barron, the plaintiff could not recover. The plea clearly sets up ownership in Downer, which is admitted by the demurrer, and brings the case within the decision of this court.

But it is claimed that inasmuch as the judgment was obtained by the fraud of Downer, we cannot defend it at law. It is well settled that judgments not *in rem* are not conclusive, except between the parties thereto and their privies. All others may impeach and contradict them. *Nason* v. *Blaisdell*, 12 Vt. 165 ; *Atkinson et al.* v. *Allen*, 12 Vt. 619. The parties referred to in the rule, are the plaintiff and defendant ; and between them the judgment would be conclusive, but not between persons collaterally situated, as the defendants Gile and Downer in this case. Bail is permitted to show fraud and collusion between the parties to the suit in obtaining the judgment, in avoidance of the judgment. *Parkhurst* v. *Sumner*, 23 Vt. 538. The owner of a debt held by trustee process, is permitted to show fraud and collusion in

obtaining the judgment. *Andrews* v. *Heming*, 5 Mass. 210. If there was no fraud in obtaining such trustee judgment, it is binding. *Perkins* v. *Parker*, 1 Mass. 117; *Hull* v. *Blake*, 3 Mass. 153. The object of the rule is, that a matter once litigated and adjudicated, may be put at rest, and have an end of controversy. In this case the matter has never been litigated; and by the fraud of Downer, Gile was prevented from contesting the original suit. There can be no question that Gile is entitled to relief in chancery; and there would seem to be no object in turning him over to chancery, and denying him relief at law:

The opinion of the court was delivered by

PIERPOINT, Ch. J. This action is brought upon a judgment rendered in favor of the plaintiff against the defendants. It appears that the court that rendered the judgment, had jurisdiction of the subject-matter involved, and of the parties, in the suit in which the judgment was rendered. That a judgment rendered under such circumstances is conclusive upon the parties thereto and their *privies* in respect to all matters involved in the suit, so long as that judgment remains in force, is a principle too well settled to admit of controversy. 8 Vt. 118; 12 Vt. 165; 23 Vt. 538. It is equally well settled, that such a judgment can be impeached between the parties thereto, only by some proper proceeding bearing directly upon the judgment itself, instituted for the purpose of having such judgment vacated and set aside. It cannot be impeached collaterally. All of the material matters alleged in the plea, are of a character that the defendant Gile could have availed himself of by way of defence in the action in which this judgment was rendered, and he is, therefore, concluded by the judgment. He can avail himself of such matters now, only by some proceeding to set the judgment aside. The allegation that Downer is the only person that has any interest in the judgment, is but another mode of stating what he had before said, that Downer, his co-defendant, had practiced a fraud upon him in allowing the judgment to be taken against him in the manner alleged.

Treating this judgment, as we must, as binding upon the parties, the allegation that Downer had it in his hands and possession, and sold it to Barron, is consistent with the fact that he had authority therefor from the plaintiff; whether he had or not, is a question between Downer and the plaintiff, with which Gile has no connection. There is no allegation that anything took place between Downer and the plaintiff, by which the judgment became paid, or in any manner discharged. All the matters complained of, are of a character that Gile can make available, if true, upon a proper application to have the judgment vacated and set aside; and in that direction relief is ample, if he is entitled to it.

Judgment affirmed.