## HANS H. LITTLEFIELD

### v.

## ROBERT SCHMOLDT.

*Practice*—Nunc pro Tunc—*Mechanic's Lien—Amendment—Notice.*

1. In proper cases the court may allow amendments and proceedings in a cause to be filed *nunc pro tunc*. But this should never be allowed when it would work injustice.

2. Where a trial has been had upon a petition for a mechanic's lien, it is improper to allow amendments and to enter a decree *nunc pro tunc*, without notice to the defendant. Where this has been done, the fact that injustice may have been done the defendant is sufficient ground for reversal.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of Cass County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. MORRISON & WHITLOCK and MILLS & McCLURE, for appellant.

Messrs. HEWITT & THACKER, for appellee.

CONGER, J. On the 29th day of September, 1885, appellee filed his bill to enforce a mechanic's lien against one Wm. Bennett and appellant, alleging that on or about May 23, 1885, Wm. Bennett and Hans H. Littlefield were about to enlarge and repair a barn on lot 3, block 21, in Beardstown, Illinois, and contracted with appellee for lumber, shingles and other building materials to be used in and about the improving and repairing of such barn. Appellant answered denying the making of any contract, express or implied, or that the material was bought with his knowledge and consent, or that he was consulted about the purchase of the materials, etc. Replication being filed the cause was, on the 16th day of October, 1885, referred to the master to take and report the proofs.

On the 19th of August leave is granted appellee to amend his bill, which the record says was done. Bennett is dismissed from the cause and the record then proceeds: "And the court finds for the petitioner herein, and thereupon, by consent of the parties hereto, the decree herein is to be signed in vacation as of this term of court." The appellant then prays an appeal, which is allowed, etc.

The amendment, which appears to have been made in August, was in fact filed on the 10th day of September, 1886, as of the 19th day of August, 1886, and it set up an express contract as the basis for a lien. To this amendment a demurrer on the part of appellant was filed September 14, 1886, but which was never passed on.

On the 13th of September, appellant made an affidavit which was filed in the clerk's office on the next day, setting forth that he has upon that day for the first time seen and read the amended bill filed on the 10th of September, that he

is surprised by it, and unable to go to trial upon it during vacation. And after setting forth the particulars wherein the amendment is different from the original bill, asks that the case be not passed upon until the next regular term of the court convenes, which will be in three weeks from that day.

On the 27th day of September, 1886, counsel for appellant received the following letter from Judge Herdman.

Copy of letter:

"JERSEYVILLE, ILL., September 27, 1886.

"R. W. MILLS, ESQ.,

"Virginia, Ill.

"*Dear Sir:* Herewith I return to you all the papers in the case of Robert Schmoldt v. Wm. Bennett et al., without signing the decree. I have been too busy since I received the papers on the 16th inst. to read them until now. As you will have a term of court beginning next week, there will be but little time lost in having a hearing on the amended petition, which I think is best now, as the amendment seems to be broader than was contemplated. Show this to Messrs. Hewitt and Thacker and J. N. Gridley, so they may know in time to avoid unnecessary delay.

"Yours truly,

"GEO. W. HERDMAN."

On the 10th day of November, 1886, in vacation after the the October term, 1886, at chambers, before Judge Herdman, appellee, by leave of the Judge, withdraws the amendment filed September 10th and makes another amendment without notice to appellant, so far as the record shows, and upon that day the final decree is signed by the Judge and filed in the clerk's office, as of August 19, 1886.

The evidence in this case does not make it entirely clear that justice has been done appellant, though we should not be disposed to interfere with the conclusion reached by the Circuit Court were it clear that appellant had been given an opportunity to fully make his defense. There is no impropriety in proper cases to permit amendments and proceedings in a cause to be filed *nunc pro tunc*, but it should never be allowed when it works injustice, and in this case there is at least a probability that such has been the effect.

The trial was had upon the original bill, proofs and arguments addressed to the court upon the theory presented by it. Afterward, without notice to appellant, the bill is changed, a decree rendered upon it, and appellant, though diligent in seeking a hearing upon the amended bill, is informed that by a fiction of law these amendments and proceedings are supposed to have taken place in August, when he did have the opportunity of meeting and replying to them.

We can not know nor are we called upon to assume that injustice has actually been done appellant by these proceedings. It is enough to say that such may be the case, and that appellant has not had an opportunity to meet the allegations of the amended bill, as the law intends he shall.

For these reasons we feel constrained to reverse the decree of the Circuit Court and remand the cause.

*Reversed and remanded.*