Richmond, P. J.
This was an action to recover compensation for services rendered to Frank F. Osbiston and Isaac M. Taylor, as partners, by Charles Kaufman for making a survey and map of the Stewart mine situated in the state of Nevada, and a report upon the same to aid in the sale of the property.
By the complaint it is alleged that Taylor and Osbiston were jointly interested as partners in the sale of the Stewart mine, and that they employed the plaintiff, Kaufman, to make the survey, map, and a report upon the mine, agreeing to pay him in case of a sale the sum of $2,500.
*334 It is further alleged that the mine was sold for the sum of §40.000, and that the defendants have not paid the said §2,500, or any part thereof.
The answer of Osbiston denies the employment and denies the partnership, but admits the sale of the mine. It will be seen from the foregoing that two issues were presented for trial, to wit: the employment of the plaintiff, Kaufman, by Taylor and Osbiston, and the partnership.
íaylor was not served with summons, consequently did not answer.
This cause has been tried on three different occasions, on two of which judgment was rendered upon the verdict of the jury against Osbiston for the sum claimed, and in the other the jury disagreed. To reverse this last judgment this appeal is prosecuted.
The case'is submitted upon briefs and oral argument. It appears from the testimony that Taylor negotiated with one Stewart for the sale of the mine to Osbiston for the sum of §7,500, and caused Stewart to place in escrow a deed to be delivered to Osbiston when the §7,500 was paid. This part of the contract was fully carried out between Taylor, Stewart and. Osbiston. It further appears in evidence that after-wards sale was made by Osbiston to one Roberts, whereby he realized the sum of §40,000; that Taylor demanded as his part the sum of §15,000; that he afterwards accepted from Osbiston in lieu of his demand two promissory notes, each for the sum of §5,000.
During the trial of the cause, the court admitted evidence on the part of plaintiff, establishing the delivery of these notes by Osbiston to Taylor as tending to prove the partnership relation. This it is insisted was error, and upon the oral argument was the only error relied upon by appellant for reversal of the judgment.
We are unable to concur in this view so urgently pressed upon our attention. The question of partnership was a material one, and was directly put in issue by the pleadings, and the circumstance of Osbiston paying or allowing to Tay-
*335 lor the sum of $10,000 tended to establish the existence of a partnership in the sale of the property, and in our judgment was clearly admissible. It may be true that this testimony thus brought to the attention of the jury was the result of a cross-examination, and strictly speaking objectionable, but if so it was a harmless error, for the reason that Taylor, sworn and examined on behalf of plaintiff, testified that Osbiston knew of the employment of Kaufman and of the sum of money Kaufman „ expected to receive in case of a sale. He further testified that after the sale of the mine Osbiston told him he got $30,000 over and above paying Watson and Gibson, and that he then and there claimed that he was entitled to $15,000; that he consented to take $10,000 and call it square, and finally received two promissory notes for $5,000 each. This of itself tended to establish the partnership relation in the sale of the mine, and was competent evidence to go to the jury for that purpose.
As has heretofore been observed this cause has been three times tried by a jury, twice resulting in a verdict for plaintiff. This is a circumstance we are warranted in taking into consideration in formulating our conclusion. Besides, we are satisfied that there was sufficient evidence to support the verdict of the jury. Todd v. Demeree, 15 Colo. 88.
Seeing no error in the record which warrants us in interfering with the verdict the judgment must be affirmed.

Affirmed.