Richmond, P. J.
This was an action to recover damages from Atkins, the clerk of the district court of Clear Creek county, Colorado, for fees excessively, illegally and corruptly charged.
To the complaint a demurrer was interposed and overruled. Thereafter defendant answered. Trial was had to a jury, resulting in a verdict for defendant, upon which judgment was entered.
Much has been said in the argument of the respective parties as to the nature of this action, and whether or not the complaint contained a cause of action.
It is insisted, on the one side, that it is necessarily an action under the statute, and on the part of plaintiff in error that it is not such an action.
We deem it wholly unnecessary, for the purposes of this opinion, to pass upon the question whether it be an action under the statute, at the common law, or by virtue of the provisions of some one or more English statutes which are at present in force in this country.
The complaint charges that the defendant was clerk of the district court of Clear Creek county; that there was a certain case pending in said court, and that plaintiff paid and *451 advanced to defendant, as costs in that case, five dollars ; and afterwards plaintiff paid costs from time to time until all the costs in the case were fully paid and satisfied. That the defendant, for the.purposes of extortion and oppression, wrongfully charged plaintiff with various items of costs; that he issued fee bills, which were placed in the hands of the sheriff of the county, requiring him to collect the sum of $74.28, with perhaps one or more items. That on August 24, 1889, plaintiff, in order to prevent a levy upon his property, paid to the sheriff the sum of $76.10. That in pursuance of a system of practice by the defendant, as clerk of the court, for the purposes of extortion and oppression, he failed to credit the plaintiff with the various sums paid in satisfaction of his demands for costs upon his fee books.
From a careful reading of the complaint, containing the averments as above set forth, we are unable to reach any other conclusion than that the plaintiff in this case sought to charge the defendant with corruptly proceeding with the duties of his office, with wrongfully and oppressively and unlawfully exacting fees to which he was not entitled, and, by the answer and the complaint, this, it occurs to us, was the main and in fact the only issue presented for the consideration of the jury. The testimony is sufficient in our judgment to sustain the finding.
The universal and accepted rule of practice in the supreme court of this state, which rule we are obligated to recognize and sustain, is that where there is sufficient testimony upon which the verdict might be properly based or founded the supreme court will not disturb the verdict.
It can be admitted that the record shows that the defendant, as clerk of the court, received fees in payment of costs which he neglected to credit upon his fee book to the account of the plaintiff. But whether this was an error of the head and not of the heart; and whether it was through a system of practice indulged in by him; whether it was done for the purpose of wrongfully oppressing the plaintiff and extorting *452 money from him, were questions which in our judgment were properly submitted to the consideration of a jury.
Much has been said with reference to the instructions given by the court, and instructions asked by plaintiff which the court refused. It is not the practice of this court, when reviewing instructions, to incorporate them into the opinion unless it appears to be necessary for the purpose of pointing out errors committed at the trial. We have reviewed, with some care, the instructions given, and have reached the conclusive opinion that the issues presented by the language of the complaint and the denial of the answer were fairly, and impartially presented to the jury. Perhaps it can be said with considerable force that one or more of the instructions, considered separately from the whole charge to the jury, might be said to be erroneous, but, as has frequently been said, when the charge is considered in its entirety, and by the charge the issues ar.e fairly and impartially presented, and the instructions do not tend to mislead or mystify the jurors in their deliberations, the appellate court will not disturb the verdict.
It is argued by plaintiff in error that the judgment should be reversed because the attorney for defendant, over the objections of plaintiff, commented upon the general character df the defendant in his address to the jury. There is some doubt, or at least there is a dispute shown by the record, and so asserted in the oral argument, as to whether the defendant did so comment. But if he did, and we admit that the record supports the assertion of the attorney for plaintiff in error, yet nevertheless the character of those remarks are not embraced within the record, nor is the language used brought to the attention of this court in such a way as to warrant us in considering it. If the exact words were incorporated into the record we might then be able to determine whether or not by so doing the defendant in error had gone beyond his legitimate privilege in the discussion of the case to the jury, and created such an error as would warrant a reversal of the judgment.
*453 It is true that an attorney has no right to introduce before the jury facts upon which to base a denunciation of the' conduct of the opposite party, but it does not follow that because such is permitted or done that the appellate court will be justified in reversing the judgment.
In the case of D. S. P. & P. R. R. Co. v. Moynahan, 8 Colo. 56, the court in commenting upon the conduct of counsel in that particular case said: “It is an attorney’s duty and privilege to show up in their true light, such acts and conduct of the opposite party as are deserving of criticism or condemnation, but he must not depart from the evidence for such purpose, and surreptitiously introduce before the jury such irrelevent matters.” The conduct of counsel, it was held in this case, was clearly reprehensible, but was insufficient, under the circumstances of the case, to justify a reversal.
Counsel for plaintiff in error has presented his side of this question with ability, and we have carefully reviewed the entire record, both printed and written, and feel warranted in saying that there is sufficient evidence to support the verdict ; that the instructions of the court fairly presented the law governing the issues in the ease, and that sufficient error does not appear in the record to warrant a reversal of the judgment.
The judgment must be affirmed.

Affirmed.