ASPEN TIMES PUBLISHING CO., APPELLANT, v. RUSSELL, APPELLEE.

PROVINCE OF JURY, TRIAL COURT, APPELLATE COURT.
An appellate court should not substitute its own judgment for that of the jury or trial court as to mere matters of fact dependent upon conflicting evidence; in other words, it should not disturb the verdict of a jury, or the findings of fact by a trial court, when the same are supported by competent evidence, merely on the ground that there was evidence against such verdict or findings.

*Appeal from the County Court of Pitkin County.*

ACTION to recover an alleged balance for personal services.

This action was originally commenced before a justice of the peace.   In the justice's court the plaintiff recovered judgment for a little over $200.   In the county court, on appeal,

plaintiff again recovered judgment for $135. From the latter judgment the defendant company appeals to this court.

Mr. D. H. Waite and Mr. Aaron Heims, for appellant.

Messrs. Waldron & Devine, for appellee.

Mr. Justice Elliott delivered the opinion of the court.

The assignments of error are summarized by appellant's counsel as follows : " That the jury had not sufficient evidence to warrant the verdict, and that the verdict is against the evidence." No questions of law are presented by this appeal, except as they are involved in the assignment of error thus stated.

From the evidence it appears that the defendant, the Aspen Times Publishing Company, was, prior to the time when this controversy arose, engaged in the business of publishing a newspaper in Aspen, Colorado, and that plaintiff Russell was employed by said company as city editor, reporter, and to do different kinds of work and business in and about the publishing of said newspaper, in the office, as well as on the outside. Plaintiff was thus employed from January 5, 1888, to December 15, 1888, and for the greater part of that time it was agreed between himself and the defendant company that plaintiff's compensation should be $110 per month. According to plaintiff's evidence he was to work only ten hours a day for that price, and he claimed extra compensation for extra hours' work. According to the testimony of Mr. Wheeler, general manager of the defendant company, plaintiff was to work at odd times and hours, as the business of the company might require.

It was conceded that plaintiff did not lose more than five or six days during the whole period of his employment. During a portion of the time plaintiff was so employed, he claimed that he was working upon different terms of compensation. There was some conflict in the evidence as to

this claim.   On the part of the defendant company it was
also claimed that it had suffered damages by reason of the
misconduct of plaintiff in and about some of the work so per-
formed by him.

The testimony of plaintiff tended to show a balance of
more than two hundred dollars in his favor.   The testimony
in behalf of defendant tended to materially reduce this bal-
ance, and in a general way it was claimed that nothing was
due the plaintiff.   The testimony showed that plaintiff was
paid different sums at different times during the period of
his employment.   On the whole, the testimony was not more
conflicting than might be expected, considering the length of
time and the variety of matters in controversy.

It is well settled that an appellate court should not sub-
stitute its own judgment for that of the jury or trial court as
to mere matters of fact dependent upon conflicting evidence.
In other words, an appellate court should not disturb the
verdict of a jury, or the findings of fact by a trial court,
when the same are supported by competent evidence, merely
on the ground that there was evidence against such verdict
or findings.   The reasons for such rule have been so often
stated and are so well understood that they need not be re-
peated; their correctness is recognized by the best authority.
2 Thompson on Trials, sec. 2273; *Kan. Pac. Ry. Co. v.
Twombly*, 3 Colo. 125; *Hallack v. Stockdale*, 14 Colo. 201;
*Colo. Midland Ry. Co. v. O'Brien*, 16 Colo. 219.

The case has been twice tried with substantially the same
result.   It cannot be said that the last verdict was without
support from the evidence, nor is there anything to indicate
that the verdict was the result of passion or prejudice.   The
issue in the case is one that must eventually, under our
practice, be determined by a jury or by the court sitting as
a jury.   By well established rules of law, therefore, we are
precluded from disturbing the verdict.   The judgment of
the county court must accordingly be affirmed.

*Affirmed.*