Wilson, J.,
delivered the opinion of the court.
This was an action on account against W. P. Littell and Charles H. Pickett as partners to recover $963.83, for goods alleged to have been sold and delivered to them by defendants in error, who were the plaintiffs in the suit. Littell made default. Pickett answered, denying generally the allegations of the complaint. The main question at issue was the existence of a copartnership between Littell and Pickett in what was designated as the “ Wells ville business,” in connection with which the indebtedness on the account was incurred, or whether or not the conduct and representations of Pickett were such as to justify the plaintiffs in believing that he was a partner of Littell and in selling the goods, on account of which suit was brought, to the supposed firm.
*358 This case is in this court for the second time, it having been previously reported in 5 Colo. App. 295. Since that time a second trial has been had, and resulted, as did the first, in favor of plaintiffs, the jury returning a verdict against both defendants, Littell and Pickett, for the sum of $880.53, for the goods sold, and for the sum of $204.86, interest thereon, making the total sum of $1,085.39, for which amount judgment was rendered. The proceedings in this second trial are now brought here by defendant Pickett for review.
The errors which are urged and which we are called upon to consider are: First, that the evidence is insufficient to warrant the verdict; second, that the court erred in its instructions ; third, that the court erred in giving judgment for interest, when such judgment was not demanded in plaintiff’s complaint.
As to the first alleged error, an inspection of the record shows that there was conflict of evidence at the trial, but there was sufficient evidence to support the verdict, and, as has been repeatedly decided by this court and the supreme court of this state, the verdict in such case will not be disturbed. Aspen Times Pub. Co. v. Russell, 18 Colo. 75.
Especially is this true where, as in this instance, the issues have been twice submitted to a jury, and in each case their findings have been in favor of the same party. D. & R. G. R. Co. v. Hodgson, 18 Colo. 117; Osbiston v. Kaufman, 1 Colo. App. 333.
Counsel for plaintiffs in error complain of the fourth instruction of the court, which was as follows:
“If you believe in this case from the evidence that the defendant Charles H. Pickett so made representations to or conducted himself toward the plaintiff herein, or if said Pickett knowingly permitted others to so act and to make representations to said plaintiffs so that such representations or actions or both would lead a reasonable, prudent and careful business man to believe that the said Pickett was a partner of defendant W. F. Littell of the defendant firm of W. F. Littell & Company, including the Wellsville business; and if *359 the jury further believe that said plaintiffs in consequence of such representations or conduct or both, did actually believe that said Charles H. Pickett was a member of said defendant firm of W. F. Littell & Company, and sold goods to said firm in the full belief that said Pickett was a member of such firm and was chargeable as such with the price of said goods; and if the jury further believe from the evidence herein that any goods were so sold by the plaintiffs to said defendant firm, then said Pickett is liable with Littell for any and all goods so sold and delivered, and your verdict should be for plaintiffs against W. F. Littell and Charles H. Pickett for whatever sum you shall find due the plaintiffs for goods so sold and delivered, and yet unpaid for.”
Counsel contend that,the court, by the use of the language “ sold goods to said firm,” * * * “ and said defendant firm,” in the latter part of the instruction, assumed the very question in controversy, viz. that there was such a firm as Littell & Company. We do not think that this objection can be sustained after a full reading of the instruction. The vital question at issue was as to whether the defendant Pickett was a partner of the defendant Littell, or by his representations, conduct or actions induced the plaintiffs to believe that he was such a partner, and under the influence of such belief defendants sold the goods as alleged in their complaint.
This question, and the law in reference to it, seem to be clearly set forth by the court in this instruction, when read as a whole. However, even if the language objected to by plaintiffs in error was subject to criticism, an examination of the entire charge of the court shows that the jury were not improperly advised as to any material point, and in such case the judgment should not be reversed on that ground. Dozenback v. Ramer, 13 Colo. 454; Hurd v. Atkins, 1 Colo. App. 452.
As to the third objection, the ease is one in which interest was clearly recoverable under the statute. It is not contended otherwise by counsel, but, it is urged, that interest not having been demanded by plaintiffs in their complaint, it was *360 improper to have allowed it. This was an action upon account for goods sold and delivered, and the complaint alleges that the sum of money specified in the account was then due and payable.
Under the instruction of the court the jury included in their verdict a finding of interest at the legal statutory rate from the time of the filing of the complaint.
Section 169 of the code provides that: “ The relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue.”
If the defendant, Littell, had filled an answer, the case would clearly come within the provisions of the latter part of this section, and would present no difficulty. He did not answer, however, and the verdict of the jury, as also the judgment, were against both of the defendants.
The right to the recovery of interest therefore cannot, in our opinion, be maintained under this section of the code.
Counsel for defendants in error argue with much force that interest should be recovered, because the complaint shows “ all of the facts entitling the defendants in error to interest—the existence of the debt and that the same was due and payable at the time of the commencement of this action,” even though interest is not mentioned in either the body of the complaint or the prayer, and some authorities are cited in support of this contention.
Code, sec. 169 (supra), expressly says, however, that the relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint.
This language is plain and unmistakable, and is binding upon this court. The only relief demanded in the complaint in this ease was judgment for the principal of the debt and costs. Littell did not answer, and the verdict of the jury as well as the judgment was against both defendants. We know of no authority or manner by which we can subdivide *361 this judgment—allowing judgment against Littell for one amount and against Pickett for another amount. It was error in our opinion to render judgment for any amount of interest.
We do not deem it necessary to remand the cause on account of this error. The judgment of the court will be modified and judgment will be entered in this court awarding the plaintiffs the sum of $880.53 and costs, being the amount of the judgment of the court below, less interest, and it is so ordered.
The costs of the appellate proceedings will be taxed against the defendants in error.

Judgment modified and affirmed.