## WOODRUFF v. BARR.

### Opinion delivered December 6, 1915.

1. APPEALS—WHEN PERFECTED.—*Held*, that an appeal from the circuit court to the Supreme Court had been properly perfected by the filing of an affidavit, and the certification into the transcript of the proper papers and record entries.

2. TRIAL—ELEVEN JURORS—WAIVER OF OBJECTION.—Where the circuit court permitted a cause to be tried before eleven jurors, the irregularity is not jurisdictional, and will be held to have been waived, where the appellant failed to assign it as error in his motion for new trial.

3. PRACTICE—JUDGMENTS MAY BE RENDERED IN APPEAL CASES, WHEN.—Section 6188, of Kirby's Digest, which provides for the rendition of judgments by default on the fourth day, relates to actions at law brought originally in the circuit court, and not to appeals from the courts of justices of the peace.

4. APPEALS FROM JUSTICE COURT—WHEN TRIABLE.—Under Kirby's Digest, §§ 4670-4671, a case on appeal from a justice court may be tried in the circuit court on the second day of the term.

Appeal from Sebastian Chancery Court, Greenwood District; *W. A. Falconer,* Chancellor; affirmed.

*Carmichael, Brooks, Powers & Rector,* for appellant; *E. D. Chastain,* of counsel.

1. The court had no jurisdiction because the case was in reality never appealed. No transcript was filed as required by law. Kirby's Digest, § 4670; 8 Words and Phrases, 7063; 72 Pac. 976; 43 Ore. 558; 19 N. W. 634; 16 Neb. 68; 57 N. W. 161; 7 Ark. 203; 16 Ark. 485; 43 *Id.* 233-485; 7 *Id.* 11; 5 *Id.* 474; 6 *Id.* 252; 73 *Id.* 608; 24 Cyc. 703.

2. Default judgment was taken against appellant before default day. Kirby's Digest, § 6188.

3. The judgment was rendered upon a verdict of eleven men and not a jury. 4 Words & Phrases, 3890; 36 Atl. 296-297; 43 L. R. A. 55; 7 T. B. Mon. 407; 5 Sm. & M. 373; 43 Am. Dec. 520; 2 How. (Miss.) 771; 31 Mo. 496; 39 *Id.* 407. There was no waiver. Kirby's Dig., § 6212; 18 Cal. 409. Absence is not a waiver. 24 Cyc. 153, note 34; 5 J. J. Mon. (Ky.) 286; 34 So. 241; 45 Fla. 301.

4. Appellant was prevented from appearing on account of fraud and unavoidable casualty. Kirby's Dig.,

§ 4431; 63 Ark. 323; 59 *Id.* 162; 30 L. R. A. 790; 58 Conn. 316; 27 L. R. A. (N. S.) 858.

*R. W. McFarlane,* for appellee.

1. The court had jurisdiction. An appeal was taken, granted and transcript as required by law duly filed. 43 Ark. 235; 7 *Id.* 206; 16 *Id.* 486.

2. Appeals from J. P. courts are not regulated by Kirby's Digest, § 6188, but by section 4671 and 4672. Appeals must be filed before the first day of the term.

3. The assignment that the case was tried by eleven men was not made in the court below, nor is it in the motion for a new trial. 68 Ark. 71; 71 *Id.* 552; 74 *Id.* 92-562; 77 *Id.* 27-103.

4. The allegation as to fraud and unavoidable casualty is not supported by the record. It is nowhere shown that defendant misled or deceived him.

SMITH, J. Appellant brought suit by attachment in the court of a justice of the peace to enforce a demand against a certain crop of hay. Upon the trial before the justice, he recovered judgment for the sum of $225, and the attachment was sustained. An appeal was duly prosecuted to the circuit court, where, upon a trial before the jury, the attachment was dissolved and a verdict rendered in appellee's favor for the sum of $250 as damages.

(1) It is urged that the court below acquired no jurisdiction of this appeal for the reason that it was never properly perfected. But this position is not well taken, for the reason that the clerk of the circuit court has certified into the transcript what purports to be a copy of the original papers filed in the case, together with a transcript of the docket entries, including the judgment of the justice of the peace, from which it appears that an affidavit for an appeal was filed, and the appeal granted.

Appellant was not present at the trial in the circuit court, but accompanying his motion to set aside the judgment there rendered, he filed an affidavit in which it was recited that he had been informed by the constable of the township that the case had been settled, and that the appeal would not be prosecuted. But no attempt was made to show that appellee was responsible for this misappre-

hension, or that he did anything which induced appellant to rely thereon, or which prevented him from ascertaining the truth upon further inquiry. We think no abuse of discretion was shown in this respect.

(2) It is also insisted that error was committed in that the cause was tried in the circuit court before a jury of eleven persons. If it be conceded that this was an irregularity, it was not jurisdictional. Appellant might have waived a jury of twelve members, had he been present, and inasmuch as he did not assign this fact as error in his motion for a new trial, it must be held that he has now waived it.

(3) It is further insisted that the court erred in calling this case for trial, and in trying it on the second day of the term. That although appellant failed to appear, no judgment should have been rendered against him prior to the fourth day of the term, whereas, the judgment appealed from was rendered on the second day of the term. Section 6188 of Kirby's Digest, which provides for the rendition of judgments by default on the fourth day, relates to actions at law brought originally in the circuit court, and not to appeals from the courts of justices of the peace.

(4) It was shown that the court had a rule of twelve years standing for the trial of justices appeals on the second day of the term. Moreover, section 4670 of Kirby's Digest provides that appeals from the courts of justices of the peace shall be perfected on or before the first day of the circuit court next after the appeal shall have been allowed; and section 4671 of Kirby's Digest provides that, upon the return of the justice being filed in the clerk's office, the court shall be in possession of the cause, and shall proceed to try the same anew on its merits.

Finding no error, the judgment is affirmed.