ABRAM J. DRAKE, RESPONDENT, v. MILLER N. MOWDER, APPELLANT.

Submitted March 27, 1916—Decided June 19, 1916.

Where a summons in a District Court was endorsed with plaintiff's demand, and the state of demand was then filed, and notice of such filing served upon defendant—*Held*, that the trial court, in the absence of defendant, and without his knowledge or consent, could not order judgment entered for a sum greater than that contained in the process and state of demand.

On appeal from the Supreme Court.

For the respondent, *King & Vogt.*

For the appellant, *Elmer W. Romine.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff herein sued the defendant, in the First Judicial District Court of Morris county, for the sum of $331.08, as appears by the summons in the action, and without further notice caused judgment to be entered against him for the sum of $415.54, with costs.

The state of demand filed by the plaintiff, showing in detail the items going to make up the plaintiff's cause of action, was filed with the clerk of the court when summons was issued, and notice to that effect was served upon the defendant, with the summons.

Upon the return day the defendant failed to appear, and the court ordered the state of demand to be amended, and gave judgment for the increased amount. This procedure we deem to be erroneous.

While we do not deny the court's power in matters of form to order an amendment, we conceive it to be manifest that a change in the *quantum* of the claim by which a defendant, without his presence, knowledge or consent is subjected to a judgment for an amount in excess of that stated in the process and pleadings, is not such an informality which the statute concerning amendments contemplates, but rather savors of the substance and gravamen of the complaint. *Non constat* that the defendant, in view of the information conveyed to him by the process, and for reasons satisfactory to himself, may have concluded to allow judgment to go against him for the claim, viewing it not as an incorrect demand, and, therefore, intentionally absented himself from the court.

If, however, the legal *status* which he is thus permitted to assume, be subject without his knowledge or consent to be changed to his detriment, a situation is presented which admits of an enforced liability upon an absent defendant, the extent of which can be determined only by the limitation of the court's jurisdiction. *Excelsior Electric Co.* v. *Sweet,* 59 *N. J. L.* 441, 444.

The cases of *Cortelyou* v. *Cortelyou,* 2 *N. J. L.* *318, and *Excelsior Electric Co.* v. *Sweet, supra,* are sufficiently critical of such procedure as to warrant their citation as authorities adverse to it.

The result is that the judgment must be reversed and the record remitted to the Supreme Court, to the end that at the plaintiff's option the judgment may be reduced to the amount of the original demand.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   13.