THOMAS F. JOYCE vs. CHARLES H. R. THOMPSON, administrator.

Essex.   November 7, 1917. — January 4, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Judgment. Equity Pleading and Practice,* Demurrer.   *Equity Jurisdiction,* To set aside judgment at law.

A judgment rendered in an action at law where the court had jurisdiction of the parties and of the subject matter cannot be impeached collaterally by a party to it either at law or in equity, the only remedy for a person aggrieved by such a judgment being by review or by a proceeding to reverse it upon a writ of error.

A demurrer to a bill in equity seeking to set aside a judgment rendered against the plaintiff in an action at law by a court having jurisdiction of the parties and of the subject matter, where the bill contains an allegation that the notes on which the judgment was obtained were executed on Sunday, does not admit that the judgment is tainted with illegality and therefore void, because such a judgment is conclusive between the parties until it is reversed or set aside by appropriate proceedings at law.

It is no ground for maintaining a suit in equity to set aside a judgment rendered against the plaintiff in an action at law by a court having jurisdiction of the parties and of the subject matter, that the promissory notes on which the judgment was obtained were executed on Sunday and that the plaintiff had an absolute defence to the action.

BILL IN EQUITY, filed in the Superior Court on October 2, 1916, to set aside a judgment for $680.87 rendered against the plaintiff on August 5, 1895, in an action on three promissory notes brought by the defendant as administrator of the estate of Anna R. Thompson, and to restrain the defendant from maintaining an action on such judgment on the grounds stated in the opinion.

The defendant demurred to the bill and assigned as causes of demurrer the following:

"1. The judgment rendered in favor of the present defendant against the present plaintiff on August 5, 1895, is a judgment of a domestic court of record of common law jurisdiction and is conclusive evidence of the facts therein decided until reversed on writ of error.

"2. The plaintiff has a plain, adequate and complete remedy at law by writ of error or by petition for a writ of review."

The case was argued on the demurrer before *Stevens,* J., who made an order that the demurrer be sustained.   Later by order

of the judge a final decree was entered ordering that the bill be dismissed with costs to the defendant. The plaintiff appealed.

The case was submitted on briefs.

*M. A. Cregg & H. A. Cregg,* for the plaintiff.

*S. H. Hollis,* for the defendant.

CROSBY, J. This is a bill in equity brought to restrain the defendant from maintaining an action on a judgment rendered in the Superior Court for the county of Essex more than twenty years ago. The bill alleges that no personal service of the writ in the original action ever was made upon this plaintiff, that he had no knowledge of the action and that judgment was obtained against him upon a default. The bill further alleges that the action was brought upon three promissory notes given by this plaintiff to the defendant's intestate; that all of the notes were executed on Sunday, that one of the notes "was outlawed" and that the plaintiff did not learn of the action until September 27, 1915.

It has long been settled in this Commonwealth that a domestic judgment rendered by a court of common law jurisdiction is valid as between the parties until reversed. Such a judgment cannot be impeached collaterally by the parties to it, the reason therefor being, not because of an apparent authority in the court to render the judgment, but because the remedy by review, or writ of error, is held to be more appropriate. *Hendrick* v. *Whittemore,* 105 Mass. 23. *Bishop* v. *Donnell,* 171 Mass. 563. The only remedy of a party who has been injured by a judgment erroneously rendered "is by review, or by proceeding to reverse the same upon a writ of error." *Fogel* v. *Dussault,* 141 Mass. 154, 157. *Chicago Title & Trust Co.* v. *Smith,* 185 Mass. 363, 365. That a party to a judgment cannot impeach it collaterally, is well established in equity as well as at law. *Boston & Worcester Railroad* v. *Sparhawk,* 1 Allen, 448. *Gorman's Case,* 124 Mass. 190.

It is the contention of the plaintiff that, as the bill alleges the notes to have been executed on Sunday and the demurrer admits the truth of this allegation, the judgment is tainted with illegality and therefore void. The answer to this contention is that the judgment stands until it is reversed or set aside by appropriate proceedings at law.

This court has held in certain cases that a judgment may be

set aside and reversed in equity for fraud.   It has been held that, where the fraud was of such a character as to have induced the court to assume a jurisdiction which it could not-have exercised had the truth been known, and by reason of which the adverse party was prevented from appearing and asserting her legal rights, a judgment so obtained will be set aside. *Sampson* v. *Sampson*, 223 Mass. 451.. *Keyes* v. *Brackett*, 187 Mass. 306. *Brooks* v. *Twitchell* 182 Mass. 443. *Edson* v. *Edson*, 108 Mass. 590.

In *Zeitlin* v. *Zeitlin*, 202 Mass. 205, it was held that a decree for divorce after it has become absolute cannot be set aside if the court had jurisdiction to grant the decree, even though it was made because of perjured testimony knowingly procured by the libellant, and because of fraud practised upon the court.   See also *Nesson* v. *Gilson*, 224 Mass. 212.

The cases above referred to, and others in which this court has held that a judgment or decree of the court may be reversed or set aside, have no application to the case at bar, in which it appears that the court had complete jurisdiction of the parties and of the subject matter of the original action.   The fact, that the notes were executed on Sunday and that this plaintiff had an absolute defence to the action, is not evidence of fraud and can give to the plaintiff no ground in equity for setting aside the judgment.

The cases decided by this court, cited and relied upon by the plaintiff, are clearly distinguishable from the case at bar.

It follows that the final decree dismissing the bill must be affirmed, with the costs of the appeal.

*So ordered.*