## S. R. MORGAN & COMPANY *v.* PACE.

### Opinion delivered October 4, 1920.

1. PLEADING—AMENDMENT.—To allow an amendment, after the issues have been joined, increasing the amount of plaintiff's claim, and to render a judgment for the additional amount claimed without notice to defendants is an abuse of discretion, since the defendants had a right to make default in reliance upon the case proceeding to a hearing upon the issues as joined.

2. APPEAL AND ERROR—NUMBER OF JURORS—WAIVER.—Where defendant failed in his motion for new trial to assign as error the fact that trial was had before a jury of seven, he will be held to have waived the objection.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; modified and affirmed.

*G. E. Garner,* for appellants.

1. Upon filing of the new or *amended* complaint for $1,000, notice by summons was necessary. No notice of the setting of the case or other steps was given appellants, and they have never had their day in court.

For definition and amendment, see 1 Words and Phrases (1st series), 368. An amendment is the correcting of any error in pleading. 5 Sup. Court 771-3; 113 U. S. 756; 28 Law. Ed. 1141; 1 Words and Phrases, 370; 28 N. Y. Sup. Ct. (5 Rob.), 619-22; 6 Col. 149-151. Here an entirely different suit was filed, and not an amendment, and notice was necessary.

2. It was error to try the case with seven jurors. Twelve men constitute a jury, and there was no waiver of *a jury* or agreement to try the case before seven jurors. 8 Ark. 372; 4 *Id.* 436; 32 *Id.* 17; 16 *Id.* 384-410; 5 Ark. 105.

*T. W. Campbell,* for appellee.

1. The court did not err in overruling appellant's second motion to vacate the judgment and reinstate the case. The case was regularly set to be tried January 20, 1920. Courts have power to make proper rules for the trial of causes for the dispatch of business. Kirby's Digest, § 1324. The case was regularly set according to the rules which the court had power to make. 121 Ark. 266. After summons was served on appellants, appellee filed an *amended complaint,* asking judgment for $1,000, and no further summons was necessary as the only difference in the two complaints was in the amount claimed and no further summons was necessary. 15 Ark. 316; 104 *Id.* 500.

2. Appellants waived the right to trial by a full jury. No objection was made at the time nor in the motion to vacate or motion for new trial. The objection is made for the first time in appellants' brief and comes too late. 121 Ark. 266.

HUMPHREYS, J. Appellee instituted suit against appellants on the second day of July, 1919, in the Pulaski Circuit Court to recover a fee of $500 for legal services rendered in behalf of said appellants in suits against them in the Garland chancery and circuit courts. Personal service was obtained, and a default judgment rendered against appellants in said sum. On proper show-

ing, this judgment was set aside and the cause continued for resetting. Separate answers were filed by appellants, in which S. R. Morgan denied that any services were rendered in his behalf, and in which M. B. Morgan controverted the value of the services rendered for him. Thereafter, appellee filed an amended complaint identical with the original, except in amount, it being alleged in the amended complaint that the value of the services was $1,000. No summons was issued on the amended complaint or notice given appellants for the claim of an additional amount. Appellants did not file an answer to the amended complaint. In conformity to the rules of the court, the cause was set down for hearing on January 13, 1920. On that date, appellants failed to appear and the cause was tried by a jury composed of seven jurors, which resulted in a verdict and judgment in favor of appellee for $750. On February 9, 1920, appellants filed a motion to vacate the judgment on the ground that they had received no notice of filing the amended complaint or setting the case for trial. This motion, as well as the motion for new trial subsequently filed, was overruled; whereupon, an appeal from the final judgment was duly prosecuted to this court.

It is insisted by appellants that the increase in amount in the amended complaint stated a new cause of action which necessitated the issuance and service of an original summons. The original action for $500, covering the same transaction, was incorporated in identical language in the amended complaint, except as to increase in amount, and for all practical purposes the amended complaint was based upon the same cause of action as the original. Appellee has cited the rule announced in the case of *Kansas City Southern Railway Company* v. *Anderson,* 104 Ark. 500, in support of his contention that no additional notice is required to a defendant for an increased demand by way of amendment in the same cause of action. The railroad company in the case cited filed an answer to the amended complaint, which presents an entirely dif-

ferent question from the one involved in the instant case. In the instant case, appellants had filed an answer to the original complaint before the amended complaint was filed, and filed none to the amended complaint. Under our statute, a plaintiff may file an amended complaint before an answer has been filed, without permission of the court, but after an answer has been filed, only with permission of the court, and upon such terms as may be imposed by the court. To allow an amendment after the issues have been joined, increasing the amount of a claim, and to render a judgment for the additional amount claimed, without notice to a defendant, would be an abuse of sound discretion. The defendants in the instant case had a right to make default in reliance upon the case proceeding to a hearing upon the issues as joined. It was therefore prejudicial error to render a judgment for any amount in excess of the original claim.

Again, it is insisted that the court erred in refusing to vacate the judgment because based upon a verdict rendered by only seven jurors. The irregularity was not assigned as error in appellant's motion for a new trial. This court said in *Woodruff* v. *Barr,* 121 Ark. 266, that "appellant might have waived a jury of twelve members, had he been present, and inasmuch as he did not assign this fact as error in his motion for a new trial, it must be held that he has now waived it." The ground upon which waiver is based is that the irregularity was not jurisdictional.

It was error to render a judgment in excess of $500. The judgment is therefore modified and affirmed for $500.