McCUEN v. GRAND LODGE OF ARKANSAS I. O. O. F.

Opinion delivered April 3, 1922.

1. COURTS—JURISDICTION.—Circuit courts have no jurisdiction of an action on account due by contract for less than $100.

2. PLEADING—AMENDMENT OF COMPLAINT.—A complaint begun in the circuit court on a contract for $40, being without the court's jurisdiction, could not be amended by increasing the sum sued for to $140, and the action was properly dismissed.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; affirmed.

*Oscar H. Winn,* for appellant.

*Rowell & Alexander,* for appellee.

The original complaint did not state a cause of action and it was within the discretion of the court to refuse to allow an amendment to be made, making new parties to the proceeding. 34 Ark. 144; *Robertson Co.* v. *Rich Const. Co.;* 139 Ark. 299; 94 Ark. 277. The error complained of is not here for review. 148 Ark. 316; 122 Ark. 148. The appellee and its subordinate lodges do not come within the fraternal benefit society act of 1917, therefore the attempt to sue Far West Lodge and the Arkansas City Lodge can not be sustained on any theory. 148 Ark. 323; 234 S. W. (Ark.) 464.

The court did not abuse its discretion in refusing to permit the amendment, and in sustaining a demurrer to the complaint. 104 Ark. 276.

McCULLOCH, C. J. Appellant instituted this action in the circuit court of Pulaski County against the appellees, Grand Lodge of Independent Order of Odd Fellows of Arkansas, a fraternal society, and against Far West Lodge I. O. O. F., a subordinate branch of the society at Little Rock, and Lodge No. 495 I. O. O. F., another subordinate branch of the Grand Lodge, located in Desha County, at Arkansas City.

The action was instituted to recover the sum of forty dollars, alleged to be due on contract concerning the payment of burial expenses of appellant's son, who was a member of the fraternity.

Neither the Grand Lodge I. O. O. F. nor the subordinate lodge at Arkansas City have any domicile in Pulaski County, and the chief officer of the Grand Lodge was served with process at Pine Bluff, and the officers of Lodge No. 495 were served at Arkansas City. The two last mentioned appellees appeared in the action solely for the purpose of moving to quash the process, and later all of the appellees joined in a motion to dismiss on the ground that the complaint did not state a cause of action within the jurisdiction of the court, in that the suit was

brought on an alleged contract to recover the sum of forty dollars.   Upon a hearing of this motion the court sustained it.

At the time the motion was heard it appears that the amount stated in the complaint had been changed by pencil interlineation so as to show that the amount claimed was $140 instead of $40, but the court in its order dismissing the complaint made a finding that the amendment was made after the filing of the complaint.   The court is presumed to have heard evidence on that question, and, as there is no bill of exceptions in the record, we must assume that there was sufficient evidence to warrant the court in finding that the interlineation was made after the complaint was filed.   In fact, it is not asserted by counsel for appellant that the interlineation was made prior to the filing of the complaint, but the contention is now that the appellant had a right to amend the complaint at any time before an answer was filed.

The contention of counsel in this respect would be correct if the original complaint had been sufficient to confer jurisdiction on the court, but such is not the case, as the circuit court has no jurisdiction of an amount due by contract less than $100.   There was, therefore, nothing to which the amendment could be attached, for the making of an amendment could, at most, only be treated as the commencement of a new action, and there was no error in the court refusing to permit the original complaint, as amended, to stand in the case as the commencement of a new action.

In the case of *Kansas City Southern Ry. Co.* v. *Anderson,* 104 Ark. 500, and *S. R. Morgan & Co.* v. *Pace,* 145 Ark. 273, we recognized the right of a plaintiff to amend his complaint at any time before answer, without permission of the court, and to amend after answer with permission of the court, but in those cases the original complaint stated a cause of action within the jurisdiction of the court.   In the present case there is no

jurisdiction stated in the original complaint, and, as before stated, there was nothing to give the court jurisdiction, even to allow an amendment.

Judgment affirmed.