Leo Santerre *v.* Harold C. Sylvester.

November Term, 1936.

Present: Powers, C. J., Slack, Moulton and Sherburne, JJ., and Sherman, Supr. J.

Opinion filed January 5, 1937.

436

*Robert W. Ready* and *M. H. Alexander* for the defendant.

*Albert W. Butler* for the plaintiff.

SLACK, J.   The material facts are these:   The defendant is a lawyer.   On February 16, 1935, he brought an action in trover for one Fitzgerald against Leo Santerre, this plaintiff, returnable to the Franklin municipal court.   The writ was legally served and duly entered in court.   On May 20, 1935, Santerre not having entered an appearance therein, and the time having expired for him to do so, judgment was entered against him by default.   The damages were found to be sixty-five dollars, while the *ad damnum* in the writ was only fifty dollars.   The court directed that this situation be called to the attention of plaintiff's lawyer, this defendant, which was done.   He immediately filed a motion for leave to raise the *ad damnum,* to one hundred dollars, and at the same time left with the judge of such court

a duplicate copy of such motion for Santerre, in accordance with the provision of city and municipal court rule III, par. 7. Without such copy having been delivered to Santerre, as required by said rule, the court, on the same day, granted the motion and entered judgment against him for the amount of the damages, and costs; and acting under the provisions of P. L. 2197 then and there found that the cause of action arose from the wilful and malicious act or neglect of Santerre, etc. The next day a body execution, with a certificate of the above endorsed thereon, was issued on said judgment and Santerre was arrested thereon and committed to Franklin county jail, where he was confined between two and three weeks.

At the close of all the evidence each party moved for a directed verdict; the plaintiff on the ground that the record in the original suit showed that defendant procured and made use of a void judgment; the defendant on the grounds that that judgment was such that its validity could not be attacked in this suit, and that defendant therein had taken no steps to have it set aside or modified; that the motion therein to raise the *ad damnum* was granted as a matter of discretion and could not be revised in any court except in a proceeding directly attacking the judgment, and that such motion was filed at the request of the court, and defendant did all that the law, or the court rule above mentioned, required of him respecting notice to Santerre. The defendant's motion was denied and the plaintiff's was granted, all subject to defendant's exception.

The main question for review is whether the circumstances attending the rendition of the judgment in the original suit were such that that judgment is void or merely voidable. If the former, the judgment herein must be affirmed; if the latter, it must be reversed.

It may be said at the outset that some confusion has been created by the careless use of the word "void," as if it were interchangeable with the word "voidable," in other words, the term "void" has sometimes been used in referring to proceedings merely "voidable." Generally speaking, it is only jurisdictional defects which render a judgment void. Where the court has jurisdiction of the parties and the subject matter involved, and authority to render the particular judgment under any circumstances, mere error or irregularities in the exercise of that jurisdiction, although such as to render the judgment

erroneous, and subject to be reversed or set aside in a proper proceeding for that purpose, do not render the judgment void, and until so set aside it is valid and binding for all purposes.

In support of his claim that the judgment in the original case is void because it exceeds the *ad damnum* in the writ, and was rendered without notice to him, plaintiff has cited, indirectly, several hundred cases, that is, he has called attention to several paragraphs of *Corpus Juris* where that number of cases are cited, without calling attention to any particular case or cases there referred to. We have examined only such of these as appear to relate to the question before us. Among such as hold a judgment defective because for a larger amount than is named in the declaration or complaint, and rendered without notice to defendant, are *Cole* v. *Roebling Con. Co.*, 156 Cal. 443, 105 Pac. 255; *Morgan & Co.* v. *Pace*, 145 Ark. 273, 224 S. W. 483; *Hibbard* v. *Estridge,* 156 Ky. 122, 160 S. W. 746; *Northern Tr. Co.* v. *Albert Lea College,* 68 Minn. 112, 71 N. W. 9; *Johnson* v. *Mantz,* 69 Iowa, 710, 27 N. W. 467; *Gadsden* v. *Fertilizer Co.,* 89 S. C. 483, 72 S. E. 15; *Edison Electric Co.* v. *Thackara Mfg. Co.,* 167 Pa. 530, 31 Atl. 856; *Ruth* v. *Smith,* 29 Colo. 154, 68 Pac. 278; *Brown* v. *Caldwell,* 13 Cal. App. 29, 30, 108 Pac. 874; *Dorn* v. *Briggs,* 106 Ill. App. 79; *Drake* v. *Mowder,* 89 N. J. Law, 306, 98 Atl. 460; *Excelsior Elec. Co.* v. *Sweet,* 59 N. J. Law, 441, 31 Atl. 721; *Davenport* v. *Jamison,* 74 Okla. 82, 177 Pac. 550; *Leavenworth, L. & G. R. R. Co.* v. *Van Riper,* 17 Kan. 317, and *Littlefield* v. *Schmoldt,* 24 Ill. App. 624. In all of these the judgment was attacked in the suit wherein it was rendered and not in a collateral proceeding, and the question of whether the judgment was void or merely voidable was not raised. On the other hand *Carr & Hobson* v. *Sterling,* 114 N. Y. 558, 22 N. E. 37; *Pierrard* v. *Hoch,* 97 Ore. 71, 184 Pac. 494; *Martinson* v. *Marzolf,* 14 N. D. 301, 308, 103 N. W. 937; *Mach* v. *Blanchard,* 15 S. D. 432, 90 N. W. 1042, 58 L. R. A. 811, 91 A. S. R. 698; *The Gum-Elastic Roofing Co.* v. *Mexico Pub. Co.,* 140 Ind. 158, 39 N. E. 443, 30 L. R. A. 700; *Pickett* v. *Handy,* 9 Colo. App. 357, 48 Pac. 820; *Gillett* v. *Truax,* 27 Minn. 528, 8 N. W. 767; *Bond* v. *Pacheco,* 30 Cal. 530; *Joyce* v. *Thompson,* 229 Mass. 106, 118 N. E. 184; and *Hendrick* v. *Whittermore,* 105 Mass. 23, hold that such a judgment is voidable only, and consequently has the force and effect of a valid judgment until reversed or set aside in some proceeding proper for that purpose.

■ ■ Our examination of the authorities in other jurisdictions satisfies us that the judgment here in question was voidable, but not void. While we have no case directly in point the same conclusion logically follows from our holdings. That the *ad damnum* can be raised at any stage of the proceedings, under proper circumstances, is clear. *Harris* v. *Belden*, 48 Vt. 478. In *Chaffee* v. *Hooper*, 54 Vt. 514, a judgment for more than the *ad damnum* in the writ, whether upon or without notice to defendant did not appear, was held voidable, but not void. The court said: "It is well settled that where courts have jurisdiction of a cause, their judgments, however erroneous, are held valid until reversed or set aside."

In *Kimball* v. *Newport*, 47 Vt. 38, an action for malicious arrest and imprisonment on an execution issued upon an alleged void judgment, defendant pleaded specially the regular recovery of such judgment, the revival thereof by *scire facias* and the issue of the execution in the latter case upon which plaintiff was arrested and imprisoned. Plaintiff replied that the judgment in the original suit was obtained on his default due to defendant's fraudulent and corrupt representations and agreement; that plaintiff was induced to take no action to vacate such judgment by further fraudulent representation of defendant and that the *scire facias* proceedings were had when plaintiff was out of the state and without personal notice to him. This replication was held bad on demurrer. The court said: "If a party against whom such a judgment has been obtained would avoid it, it must be done by some proceeding instituted for that purpose, and in which an issue can be made upon the questions affecting its validity." The court said further: "In actions upon judgments, it is not necessary to the validity of the judgment under the plea of *nul tiel record*, to prove actual notice of the pendency of the suit," and cited *Ellsworth* v. *Learned*, 21 Vt. 535, where it is said: "The want of actual notice to the defendant of the pendency of the suit, would not render the judgment void."

In *Mussey* v. *White*, 58 Vt. 45, 3 Atl. 319, 321, *audita querela* to set aside a judgment rendered against complainant, he introduced evidence tending to show fraud; that such judgment was obtained without his knowledge; that the writ in that suit never was served upon him, and that he had no notice whatever of that suit. Defendant then put in evidence of judgment in a

former *audita querela* which he claimed was brought by complainant to set aside the same judgment, wherein defendant prevailed. Plaintiff then offered to show that the judgment in the first *audita querela* was fraudulent and void and that those proceedings were wholly without his knowledge or consent. Such evidence was excluded, and this Court held rightfully so. The Court said: "Judgments that appear to have been regularly obtained are conclusive upon the parties and privies, and cannot be impeached in any collateral proceedings; that if a party to it would avoid it, it must be done by some proceeding instituted for that purpose," and cited with approval *Kimball* v. *Newport*, *supra*.

Clearly if a judgment rendered against one who has *no notice* of the *pendency of the suit* wherein such judgment is obtained is voidable only, the irregularities relied upon by plaintiff cannot avail him in this suit, irrespective of the relief he might be entitled to in a proper proceeding.

Other irregularities held insufficient to render a judgment void may be found in *Porter* v. *Gile*, 47 Vt. 620; *Hammond & Draper* v. *Wilder & Locke*, 25 Vt. 342; *Wood* v. *Kinsman & Lamb*, 5 Vt. 588; *Eastman* v. *Curtis*, 4 Vt. 616; *Walbridge* v. *Hall*, 3 Vt. 114; *Allen* v. *Huntington & Fisher*, 2 Aikens, 249; *Tappan & Sewall* v. *Nutting*, Brayton 137.

We hold that the judgment in the original suit is, at most, voidable only and until reversed or set aside in some proceeding instituted for that purpose, is full protection to all persons acting under it.

*Judgment reversed, and judgment for defendant to recover his costs.*