THE plaintiff below, declared in assumpsit against the defendants, alleging that he liad, at their request and employment, conveyed to Orleans, on board of a flat bottomed boat, five hogsheads of tobacco, weighing upwards of six thousand pounds, and delivered the same to Vincent Notte, & Co. commission merchants, to whom they were consigned, and that the defendants had assumed to pay him therefor, one dollar per hundred. There are also other counts, stating the contract substantially in the same manner. One of these counts is for a quantum meruit. On the trial of the issue of non assumpsit, it appeared in evidence, that the plaintiff in that court had signed a hill of lading, expressing on its face that the tobacco ss was shipped by the defendants on the account and risque of Leroy, Bayard & Co, of New York,” and further, expressing *169 the tobacco to be “ in good order,” and (f to be deliv. «red in like order and condition at the port óf New-Orleans, the dangers of the river and unavoidable accidents only excepted, unto Vincent Notte & Co. or their assigns, he or they paying .freight at fifteen doU lars per hogshead,”
2. The counsel for the defendant below, moved for a non-suit, on the grounds, in part, that the plaintiff below, was hound to look to V. Notte & Co. for the freight-, and had his lien upon the articles till it was paid, and that having parted with his lien, and delivered up the articles to the consignees, he could not resort to the consignors. The court overruled the rao, tion and this forms the main ijpestion for our decision.
It has been said, that the consignor ought never to be made responsible in such case, as it would encourage masters to abandon their lien, and then injure tlte consignors. We have not thought it necessary to en-quire into arid decide the general question whether a consignor would, in any case of general consignment?, on the terms stated in the foregoing bill of lading, become liable, on the consignees refusing to pay the freight. Certain it is, that the consignor may contract as he pleases, and make h imself liable if he chooses, and in this, case, it was proved, that after the bills of lading were signed, the plaintiff below went to the store of the defendants and complained to them that he bad signed the bill expressing the tobacco to be in good order, without having minutely examined it, and that he had by a subsequent examination, Sound it was injured and in bad order; and that the defendants, then urged him to proceed nevertheless on his’voyage* with all convenient speed and deliver the tobacco, and they would pay the freight. He accordingly went. Now it is evident, that the plaintiff below, intended at that time to get off from, or vary the terms of the contract which he had made when he signed the bills of lading, and that if his grounds were good, he might have done so, and that the defendants at once obviated the complaint by engaging to pay it themselves. That it was competent for them to change the contract and interpose their own responsibility, there can'be no reasonable doubt. The Correction of the mistake lie had made, and the avoidance of the injury he might bo sul^cct to, by taking such damaged tobacco, which' *170 the consignees would not receive, together with his subsequent performance, was a good consideration an(j inducement to support the action, and it could be' sustained on the promise of the defendants. It was well in this case' that he took that precaution ; for it is shewn, that the tobacco was in fact damaged before he received it, and that his complaint was a just one, and for this cause the.consignees refused to pay thé freight.
Where a verM contract is entered in-an agreement in writing on t]ie ft iTnotoe** cessary in dédaring on to t*1í cite the first.
Where the agents of a Company re aide abroad,& procure sertendered**6 here for such company on their own them out of their ownesstate.
3. But it is contended thátthis is a special agreenient between the parties, and the plaintiff below not having declared1 upon it, ought to have been non-suited. To this it may be’ans wered, that the promise deMaced ón, is the promise of the defendants, and enough was set out to admit of a recovery. It was not necessary to have recited the first agreement upon the cre<fR °f the consignees, the mistake in it, and then the promise of the defendants, in consequence thereof, These things are inducements only. It was compe- ^or ^ie Par‘^es to change that agreement before it was performed, and having done so, it was sufficient for the plaintiff below to declare on the last agreement as one entirely new. Having done this, and his proof conducing to establish it, the court did right in iiot directing a non.suit.
But it is contended, that as it appears from the bill of lading, that the articles did not belong to the defendants, consequently, they ought not to be compelled to Pa7tlie freight. To this, the response may be given, th at they ought not to have interposed their own as-gumpsit. Whether they were the agents, or factors, or debtors of Leroy, Bayard, & Co. does not appear, ®ut be them, Whichsoever they may, it cannot be denied that it was competent for them, before the work was done, to bind themselves, individually, to the masol the vessel, to induce him to transport the goods, Their true character in this respect, was not explained to him. It only appeared, that they were the cousignors, on the account of, and at the risque of Leroy, Bayard, & Co. and that in this attitude they first placed themselves by the first contract, which the plaintiff below, as master of the vessel, was not disposed to fulfil. Strong considerations existing between them and their principal, or creditor, unexplained to the master, might have induced them to interpose their *171 individual credit afterwards, on which he had a right to rely, and the question was properly left with the jury, on whose credit the master performed the voy. age ? If they did thus interpose their individual credit, in the attitude thgy appeared to stand, they were consequently bound by it.
The judgment must, therefore, be affirmed with costs.