DANIEL & WIFE
*vs*
DANIEL.

---

REPLEVIN.

*Case* 44.

# Daniel and wife *vs* Daniel.

## ERROR TO THE FAYETTE CIRCUIT.

*Cestui que trusts.     Trusts.     Legal title.*

Oct. 17.

JUDGE BRECK delivered the opinion of the Court.

The case stated.

JAMES DANIEL and Rachel Venable, in anticipation of
an intermarriage between them, conveyed all the estate of
the latter to George McDonald, in trust for her separate
use and benefit after the intended marriage, and subject
to her disposition, by special instructions in writing sign-
ed by her to the Trustee. The marriage took place and
this action of replevin was brought by Charles Daniel
against said James Daniel and his wife Rachel, for a
slave belonging to said Rachel before marriage, and em-
braced in the deed of trust to McDonald. Charles Dan-
iel, the plaintiff in replevin, sets up claim to the slave
under a parol gift from the defendant Rachel, made sub-
sequent to her intermarriage with the defendant, James.
The testimony upon the trial conduced to establish the
gift, and the jury, under the instructions of the Circuit
Judge, found the slave for the plaintiff, and judgment

having been rendered thereon, the defendants have brought the case to this Court for revision.

The only question in the case, which we deem necessary to decide, is whether the defendant, Rachel, by her act alone, without the co-operation of the Trustee, could pass the legal estate in the slave in question. We are very clearly of opinion she could not. The very object of the deed of trust was to vest the legal estate in the Trustee. The estate of the wife is an equitable one, and by her act alone she could, in no view of the case, pass any other. The legal estate, from any thing that appears in the record, is still in George McDonald, the Trustee.

Whether the defendant, Rachel, could or not dispose of her equitable estate in the slave in contest, or authorize the Trustee to pass the legal estate, in any other mode than that specified in the deed, it is not necessary, and we do not now decide. As there was no testimony conducing to prove any legal title in the slave in the plaintiff, or any right to recover upon any other ground, he was not entitled to recover in this form of action, and the Court consequently erred in the instructions to the jury.

The judgment is, therefore, reversed, and the cause remanded, that a new trial may be had and further proceedings consistent with this opinion.

*Woolley, Kinkaid and Bodley* for plaintiffs: *Robinson & Johnson* for defendant.

By an ante-nuptial contract the property of the wife was conveyed to a trustee to her separate use. She gave a portion of it, (a slave,) by parol gift, to another—Held that no legal right passed which would authorize the donee to maintain an action at law for the slave.