Bates vs. Buchanan.

---

CASE 25—PETITION ORDINARY—JUNE 25.

# Bates vs. Buchanan.

APPEAL FROM MADISON CIRCUIT COURT.

1. The plaintiff sued for and obtained possession of a mare worth one hundred and twenty-five dollars, on executing to the sheriff a bond securing the return of the mare and the payment of any damages adjudged on his failure in the action. After the delivery of the mare by the sheriff to plaintiff, the defendant filed his answer, avowing title in himself, and denying that plaintiff had any title to the mare, and *prayed to be dismissed with a judgment for his costs.* On the trial of the issue thus formed, the jury returned a verdict finding that the mare was defendant's, fixing her value at one hundred and twenty-five dollars, and assessing thirty-five dollars damage for the deten-tion from the time of the delivery by the sheriff to the time of the trial, and thereupon the court rendered judgment for the return of the mare, for the payment of her assessed value, and also for thirty-five dollars damages. *Held*—That the answer was sufficient. *Section 360, Civil Code,* provides that the jury must assess the value, as also the damages for the taking or detention, whenever there will be a judgment *for a recovery* or *for a return of the property;* and that there was no error in the judgment.

2.  A judgment for a specific thing, in detinue or replevin, entitles the
    successful party to its value, if it be not restored: that value must
    be assessed by the jury.

3.  It results, from the nature and object of the action of replevin, that
    the right to damages is incidental to the right to restitution, and
    must accompany it to the time of adjudging restitution.  It is the
    duty of the jury to find as to damages whenever they find as to
    value.

S. TURNER,                                        For Appellant,
                        CITED—

   7 *Dana*, 285; *Whitesides vs. Collier.*

   7 *Dana*, 335; *Cooper vs. Bowen.*

   9 *Dana*, 124; *Longest vs. Colton.*

   3 *Chitty's Pleading*, 1044.

   1 *Chitty's Pleading*, title *Replevin.*

   3 *Mon.*, 186-7 ; *Kirby vs. Hume.*

   6 *Dana*, 145; *Gany vs. Tibbs.*

BURNAM & CAPERTON,                                For Appellee,
                        CITED—

   *Civil Code, sec.* 418.

   2 *Met.*, 499 ; *Young vs. Parsons.*

   1 *Duvall*, 299 ; *Barron's adm'r vs. Landes.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In May, 1864, the appellant, *John Bates*, sued the appellee, *John Buchanan*, in replevin, for an iron-gray mare, worth one hundred and twenty-five dollars; and on the execution of a replevin bond for securing the return of the mare, and the payment of any damages adjudged on his failure in the action, the sheriff delivered to him the mare, of which he was still in the possession at the trial in March, 1866.

At the September term of the circuit court *Buchanan* filed his answer, avowing title in himself, and denying that *Bates* had any title to the mare; *and praying to be dismissed with a judgment for his costs.*

Bates vs. Buchanan.

At the March term, 1866, the issue thus formed as to the title was tried, and the jury returned a verdict finding that the mare was *Buchanan's*, fixing her value at one hundred and twenty-five dollars, and assessing thirty-five dollars damage for the detention of her from the delivery to *Bates* to the time of the trial; and thereupon the court rendered judgment for the return of the mare, for the payment of her assessed value, and also for thirty-five dollars damages, as found by the verdict.

That judgment was resisted, and is now charged as erroneous, on the ground that the avowry did not claim either a return, or an assessment of value or of damages.

The answer is certainly unique and exceedingly defective in form; but it was, nevertheless, sufficient to put the title in issue, and that issue was effectually tried and found against the appellant.

It has been often adjudged that such a finding on the issue of title involves and implies the right to a return, and that, consequently, a prayer for it in the avowry is not necessary. In such a case, an answer avowing title is of the nature of an action by the avowant for restitution of possession; and, therefore, without an express prayer for restitution, a finding for him on the issue of title entitles him, *per se*, to a judgment *retorno habendo*. ( *Gaines vs. Tibbs*, 6 *Dana*, 144, *and* 1*st Saunders' Rep.*, 347.) And as a judgment for a specific thing in *detinue* or replevin entitles the successful party to its value if it be not restored, that value must be assessed by the jury. So far the judgment was right; for the answer, expressly asking only for dismission and costs, was neither intended nor can be consistently construed as a renunciation of the mare or her value, the very aim and end of the avowry.

And though not precisely for the same, yet partially for the like reasons, the judgment for damages, without a

Bates vs. Buchanan.

specific prayer or charge, seems to us proper. If, in such a case, a specific charge of damages and prayer for a judgment for them be necessary, damages co-extensive with the detention could never be obtained; for a jury would be then limited to the detention before the filing of the avowry asserting a right to them, even though the property had, as in this case, been wrongfully detained nearly two years, or even five. It results, from the nature and object of the action of replevin, that the right to damages is incidental to the right to restitution, and must accompany it to the time of adjudging restitution; for not only does the title to restitution carry with it all the incidents, but the admitted right to damages; for detention, if confined to the time of pleading, would be a mockery. Even in *detinue*, therefore, it is not so limited.

In accordance with this view, we interpret the bond as prescribed, stipulating for the payment of damages if assessed, without knowing whether the answer will claim such assessment, the right to it being a legal sequence of title and of a judgment for restitution; and this same deduction is also fortified by the form of an avowry prescribed by the Code of Practice and by the presumed intent of the 360th section, in these words: "In actions for the recovery of specific personal property, the jury *must* assess the value of the property, *as also the damages for the taking or detention, whenever*, by their verdict, there will be a judgment for a recovery or return of the prop erty." This makes it the duty of the jury to find as to damages whenever they find as to value, and leaves them no more discretion as to one than as to the other.

We are, therefore, of the opinion that the verdict for damages in this case was authorized by law on the pleadings, and especially now under our liberalizing Code.

Wherefore, the judgment is affirmed.