JUDGE HARDIN
delivered the opinion op the court.
In November, 1867, tbe appellant brought an ordinary action against the appellee for the recovery of the possession of the hull of an unfinished steam ferry-boat, which the appellee had undertaken to build for him, and about six thousand feet of white-pine lumber, and some other specific personal property, of which the plaintiff claimed to be the owner and entitled to the immediate possession, *657 and of which he alleged the defendant was in possession, and that he unlawfully detained the same from the plaintiff. And upon the affidavit of the plaintiff, and the execution of a bond as required by the provisions of chapter 2 of tifié 8 of the Civil Code of Practice, the possession of the property was delivered by the sheriff to the plaintiff.
By the answer of the defendant,in that case the plaintiff’s alleged title and right of possession of the lumber which is now the subject of controversy were put in issue, though no formal avowry was pleaded, and a trial resulted in a verdict and judgment for the defendant, but no return of the property or its value to the defendant was adjudged. In the. mean time, in another suit between the parties, their respective claims growing out of the contract for the building of the boat were litigated, but the right to the lumber seems not to have been adjudicated in that case.
In this, the third suit between the parties, copied in the record now before us, the appeilee sought and recovered a judgment for three hundred and sixty dollars, the value of the lumber, and the appellant has appealed from that judgment.
Whether the right of action was barred by the judgment in the first named suit is now, as in. the circuit court, the principal question to be decided.
The first judgment- not being before us for revision, except so far as its legal effect on the validity of the judgment in this case is important, it is not now our province to determine whether or not, on the finding of the jury in the former suit, a judgment for restitution should have been rendered. We may observe, however, that this court has heretofore held that on the-finding of a jury for the defendant upon an issue of title to property, the possession of which had been, as in this case, trans *658 ferred from the defendant to the plaintiff pending the suit, the right to a return of the property was involved and implied, and consequently a prayer for it in the answer avowing title in the defendant was not necessary. (Bates v. Buchanan, 2 Bush, 117.)
In an action for the recovery of specific property, as in detinue and replevin under our former system of practice, an issue of title involves the incidental question of possession. And it is well settled that in such cases one judgment may be pleaded as a bar to a suit for the same property or its value, where no new right has been acquired by the plaintiff, for the two-fold reason that the first judgment merges the cause of action, and it is vexatious and unjust to harass a party with a second suit when the first may be effectual. (Foster v. Smart, 1 Marshall, 394; Dorsey v. Sands, 5 J. J. Marshall, 37.) And the facts that the appellee was a defendant in the first suit and defeated the appellant’s claim to the property do not exempt this ease from the operation of the general rule. Neither party should be allowed to re-litigate the same matter of controversy by a new and independent suit, unless on some of the grounds for a new trial, none of which are disclosed in this case. The judgment for the appellee is therefore deemed erroneous.
Wherefore the judgment is reversed, and the cause remanded for a new trial.