## Hibbard v. Estridge, et al.

(Decided November 26, 1913).

### Appeal from Madison Circuit Court.

1. Action—Filing of Demurrer to Petition Not Defense to Action.—The filing of a demurrer to a petition is not the making of a defense to the action within the meaning of section 90 of the Civil Code; and when the defendant upon his demurrer being overruled, fails to plead further, no judgment can be rendered for relief not specifically prayed in the petition.

2. Action—Recovery of Specific Personal Property.—The plaintiff in an action to recover specific personal property alleged to be worth $720, where the defendant fails to make defense, is not entitled to judgment for a greater amount than the alleged value of the property.

3. Action—Recovery of Specific Personal Property.—In such an action the plaintiff must recover on his own title, and no judgment

can be rendered in his favor for the value of the property which the petition failed to show that he owned.

4. Delivery—Order of—Identity of Property.—An order of delivery may be obtained for specific personal property, but it may not be had for an undivided interest in personal property where the plaintiff only shows that he owns such an interest.

Where specific personal property owned by the plaintiff has been sold the rights of the plaintiff in the proceeds of the property is the same as in the property, but the plaintiff should in his petition indentify the property he seeks to recover.

SMITH & SMITH for appellant.

D. M. CHENAULT, O. P. JACKSON and JOHN C. CHENAULT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

Jane Estridge, Flora Mays and Harrison Mays, as plaintiffs, brought this action against J. W. Hibbard and the State Bank and Trust Company; they alleged that on or about December 24, 1912, they purchased of J. W. Hibbard "his one-half interest in a certain crop of tobacco raised on the lands of the plaintiffs; also all of his individual interest in a certain crop of tobacco raised on Mrs. Lucy Byrd's land"; for all of which they agreed to pay him the sum of $275, as soon as the tobacco could be stripped and put on the market, and he agreed to give his time in stripping it free of charge; that there were at least five thousand pounds of tobacco included in this sale, reasonably worth $720, and that the property was wrongfully detained by the defendant; that on January 2, 1913, he brought two loads of the tobacco to the Madison County Tobacco Warehouse; that this tobacco when sold brought the sum of $645.22, and that he received checks for this sum from the warehouse drawn on the State Bank and Trust Company payable to himself, which money he failed to turn over to the plaintiffs, and that this money was the property of the plaintiffs. The petition concludes with this prayer:

"Wherefore, they pray the court for a writ of delivery for the tobacco that has not been sold and for the money that is now in the hands of the State Bank and Trust Company, namely, Six Hundred and Forty-five Dollars and Twenty-two cents, and they pray for all proper relief in every aspect of the case."

The order of delivery was taken out and placed in the hands of the sheriff which directed him to take one-

half interest in a certain crop of tobacco raised on the lands of the plaintiffs by J. W. Hibbard, and his individual interest in a certain crop of tobacco raised on Mrs. Lucy Byrd's land; also the two checks referred to from the possession of the defendant, Hibbard, and the State Bank and Trust Company, and deliver them to the plaintiffs. The defendant, Hibbard, filed a general demurrer to the petition, the demurrer was sustained. The plaintiffs then filed an amended petition in which they alleged that by reason of the defendant, Hibbard, taking possession of their property, the said tobacco, and detaining it against their will and consent, they were damaged in the sum of $50. The court sustained the defendant's demurrer to the petition as thus amended. They then filed the following amended petition:

"They say that under the contract of sale of the tobacco, the same was delivered to plaintiffs and it was in their possession for two days when the defendant wrongfully took possession of same, that they are now entitled to the immediate possession of same. Wherefore, they pray as in their original petition and for all proper relief."

The defendant demurred to the petition as thus amended, and thereupon the following judgment was entered:

"This cause came on for hearing, and the defendant, having been duly summoned, entered a general demurrer, and the court having considered thereof, overruled said demurrer and the defendant failing to plead further, it is adjudged by the court that the plaintiffs are entitled to the tobacco claimed in the petition. And it further appearing to the court, that the said tobacco having been sold by agreement, and the proceeds held subject to the orders of this court, and the said tobacco having brought the sum of Twelve Hundred and Forty-two and Twenty-seven One-hundredths Dollars, it is adjudged by the court that the plaintiffs are entitled to said amount.

"It further appearing to the court that the defendant, the State Bank and Trust Company had in their possession the sum of $645.22 of the funds arising from the sale of said tobacco the said bank is ordered to pay over said amount to plaintiffs or their attorneys.

"It further appearing to the court that $597.05, is in the hands of the Madison County Tobacco Warehouse, arising from the sale of a part of the tobacco claimed by

plaintiffs, said house is ordered to pay over said amount to the plaintiffs or their attorneys.

"To which judgment the defendant, Hibbard, objects and excepts and he is granted an appeal to the Court of Appeals."

When the case was heard in the circuit court and the appeal was granted, the sheriff had failed to make a return on the order of delivery. After the appeal was taken, appellees had him to make a return on the writ, and a copy of this return was offered in this court as an additional record. The motion to file it was overruled on the ground that the case must be tried here upon the same record as in the circuit court. (Hibbard v. Estridge, 153 Ky., 439.) The correctness of the judgment must therefore be determined upon the allegations of the petition as amended. Section 90 of the Civil Code is as follows:

"The petition must state facts which constitute a cause of action in favor of the plaintiff against the defendant, and must demand the specific relief to which the plaintiff considers himself entitled, and may contain a general prayer for any other relief to which the plaintiff may appear to be entitled. If no defense be made, the plaintiff cannot have judgment for any relief not specifically demanded; but, if defense be made, he may have judgment for other relief, under a prayer therefor."

The filing of a demurrer is not the making of a defense within the meaning of this provision of the Code. (Board of Commission v. Mason-Foard Co., 19 R., 771, Newman on Pleadings, Sec. 353).

It will be observed that in the prayer of the petition, the plaintiffs pray for a writ of delivery for the tobacco and for the money in the hands of the State Bank and Trust Company, and they pray for all proper relief in every aspect of the case. Under the Code no judgment could be rendered under the prayer for general relief, and there was not in the petition any other prayer for judgment. In addition to this the petition alleges that the tobacco sued for was reasonably worth $720, and on this allegation a judgment was entered in their favor for $1,242.27. We are informed in the brief of counsel that appellant and appellees were equal owners in the tobacco, except that raised on Mrs. Lucy Byrd's land, which amounted to $174.41. But these facts are not shown in the petition. The petition does not show that the plaintiffs have any interest in the tobacco ex-

cept that they purchased from the defendant, and it does not show what his interest in the tobacco raised on the Lucy Byrd land was, or who owned the remainder of that tobacco. Even upon the facts stated by counsel the judgment is erroneous; for the court should not have adjudged to the plaintiffs the proceeds of any tobacco which they did not own. The plaintiffs must recover upon their own title, and they cannot recover anything they do not own. The defendant being in possession cannot be disturbed by one who is without title.

Under Section 181 of the Code the owner of specific personal property may obtain an order of delivery, but there is no provision of law by which an order of delivery may be obtained for an undivided interest in personal property; for the sheriff can not properly execute such an order without taking from the other joint owner his part of the property and delivering it to the plaintiff who is not the owner of it. If the plaintiffs own all of the tobacco that was raised on their land after they purchased the defendant's interest, the order of delviery as to that crop was proper. But these facts are not alleged in the petition; and it is not shown what interest they have in the tobacco raised on the land of Mrs. Byrd.

If the tobacco has been sold the right of the plaintiffs in the proceeds is precisely the same as in the tobacco before its sale, and the court may upon a proper showing require the money to be paid into court.

The petition as amended sets out an executed contract of sale, not an executory contract; for it alleges a sale and delivery of the property. In a contract of sale the title passes when the property is delivered, although the price is to be paid at a future date. On the return of the case to the circuit court, the plaintiffs will be allowed to amend their petition, and the defendant will be allowed a reasonable time to answer if he desires to do so.

Judgment reversed and cause remanded for further proceedings consistent herewith.