## Denney, et al. v. Crabtree, et al.

(Decided March 14, 1922.)

### Appeal from Wayne Circuit Court.

1. Deeds—Intention.—The intent of the parties to a deed, as it appears from the whole deed, controls, and technical rules of construction cannot be applied where they lead to a different result.

2. Deeds—When Granting Clause Prevails.—If the granting and habendum clauses of a deed are found to be irreconcilable, and it is not apparent from the other parts of the instrument which the

grantor intended should control, the granting clause should be allowed to prevail; but where both parts of the deed may stand together consistent with the rules of law, they should be construed to have that effect.

3. Deeds—Ambiguity—Construction.—Where the language of a deed is so ambiguous or uncertain that it cannot with satisfaction be determined what estate the grantor intended to convey, that construction will be adopted which passes the fee, for the law favors the vesting of estates.

4. Reformation of Instruments—Mistake.—The reformation of a deed will not be granted by a court of equity on the ground of a mistake in its terms made by the grantor alone. The mistake must have been one on the part of the grantee as well, i. e., a mutual mistake, to authorize the reformation; and, although mutual, it cannot be corrected in an action brought for that purpose sixty-five years after the execution and acceptance of the deed containing the alleged mistake, as in such case the staleness of the transaction will prevent the correction of the mistake by a reformation of the deed containing it.

5. Limitation of Actions—Pleading.—While the statute of limitations, if relied on as a ground of defense, must be pleaded, the question of the staleness of the transaction or claim may be raised by and determined upon a demurrer to the pleading manifesting it.

V. P. SMITH, H. C. KENNEDY and BERTRAM & BERTRAM for appellants.

J. P. HOBSON, HOBSON & HOBSON, J. P. HARRISON and DUNCAN & BELL for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

April 19, 1856, William Perdew, a widower, then living and domiciled in Wayne county, this state, by deed duly executed, delivered and recorded, conveyed his daughter, Juda Denney, a tract of land lying in that county containing 117 acres, more or less. The deed, omitting the description of the land, signature of grantor and clerk's certificate, reads as follows:

"This indenture of bargain and sale made and entered into this 19th day of April, 1856, by and between William Perdew of the one part, of the county of Wayne and state of Kentucky, and Juda Denney of the other part, witnesseth: that for and in consideration of the love and good will he hath for her, doth convey unto and her children the following tract or parcel of land, . . . with all and singular its appurtenances unto the said Juda Denney and her heirs forever against the claim of him the said William Perdew and his heirs forever, as well

as against the claim or claims of all and every other person or persons whatsoever.''

Following the execution and delivery to her of the deed Juda Denney and her husband removed to the land, where they remained until her death in 1907. Mrs Denney had and reared seven children, six of whom left this state and went west, where they still reside, but the seventh child, Mrs. Jennie Crabtree, and her husband remained on the land with her parents, cultivating it and mainly supporting them until both died. The mother, Juda Denney, left a will devising the 117 acres of land to Mrs. Crabtree and her husband, which, without objection from any source, was duly admitted to probate and recorded, since which event the devisees have resided upon and remained in possession of the land. In 1920, however, they, by a writing duly executed and recorded,'leased to George E. Backer, Martin Shearer and C. E. Daugherty & Company the right to drill for and romove oil and gas from the land, and the latter thereupon drilled several wells which are yielding oil in paying quantities. The land is in the hills and is of little value for agricultural purposes, but by reason of the discoveries of oil beneath its surface its market value has been greatly increased.

Fourteen years after the death of Mrs. Juda Denney and probate of her will, and sixty-five years after the execution of the deed from her father, William Perdew, conveying her this land, this action was brought in the court below against the appellees, Jennie Crabtree and U. H. Crabtree, her husband, by the appellants, Elmer Denney and others, some of them children, and others children of deceased children, of Juda Denney, deceased, all nonresidents of this state, each setting up in the petition claim of title to an undivided interest in the land in question, alleged to be owned jointly with the appellee, Jennie Crabtree, whose ownership therein was admitted to be an undivided seventh of the whole, the remaining six-sevenths being owned, as further alleged, by the appellants, respectively, in the proportions set out in the petition.

It appears from other averments of the petition that the appellants' claims of title to the land are based upon the deed from William Perdew to Juda Denney of April 19, 1856, which, it is alleged, conveyed the latter only a life estate therein, with remainder to her children, in consequence of which the latter, and heirs at law of such as were not then living, ʃt her death jointly took as re-

maindermen a fee simple title to the land. By further averments of the petition a sale of the land and division of its proceeds were sought by the appellants on the ground of its alleged indivisibility; and while no complaint was made in the petition of the oil and gas leases executed by the appellees upon the land, recovery was therein sought against them for the appellants' alleged portion of such rents or royalties as they may have received from the leases for oil or gas obtained by the latter therefrom, and to this end the appointment of a receiver to take charge of the land until sold, and also the collection of oil and gas royalties, was prayed. The lessees of the oil and gas rights were not made parties to the action.

The appellants, after due notice thereof to the appellees, made in the court below a motion for the appointment of a receiver to take charge of the land and collection of oil rents or royalties from the lessees thereof, pending the litigation, but the court overruled the motion, to which the appellants excepted. Thereafter the appellees filed a general demurrer to the petition, which the court sustained; excepting to which the appellants filed an amended petition alleging a mistake in the deed from William Perdew to Juda Denny, it being, in substance, therein averred that, in executing the deed, it was the intention of the grantor to convey the grantee, his daughter, a life estate in the land therein described, with remainder, at her death, to her children; but that by mistake on his part it was made to convey her an estate absolute or title in fee simple to the land, which alleged mistake, it was further averred, the appellants were entitled to have corrected by a proper reformation of the deed by the court. After the filing of this amendment, the appellees insisted upon their general demurrer to the petition as amended, and the court again sustained it, following which and the refusal of the appellants to plead further, the action was dismissed. From the judgment entered to conform to these rulings the latter were granted and are now prosecuting this appeal.

There are two questions presented for decision by the appeal: (1) Whether the deed from William Perdew to Judy Denney was correctly construed by the judgment of the chancellor; (2) whether the averments of the petition, as amended, were sufficient to raise the question of mistake claimed to exist in the deed, or to authorize the reformation of that instrument on the ground of mistake.

In considering the first of these questions it will be necessary to note carefully the language of all parts of the deed that throw any light upon the meaning of the instrument, as only in this way can the intention of the grantor be ascertained. The caption thus declares the parties, and the only parties named, to the conveyance:

"This indenture of bargain and sale made and entered into this 19th day of April, 1856, between William Perdew of the one part, of the county of Wayne and State of Kentucky, and Juda Denney, of the other part, witnesseth." Having the only persons named as parties to the deed thus identified, we next find the consideration and granting clause expressed as follows:

"That for and in consideration of the love and good will he hath for her, doth convey unto her and her children the following tract or parcel of land."

The habendum is: "With all and singular its appurtenances unto the said Juda Denney and her heirs forever against the claim of him, the said William Purdew and his heirs forever, as well as against the claim or claims of all and every person or persons whatsoever."

It is insisted for appellants that the granting clause of the deed indicates that the title conveyed was a life estate in the mother, with remainder to her children, and as the language of the caption and habendum indicates the conveyance of a fee to the former, there is an irreconcilable conflict between the caption and habendum on the one hand and granting clause on the other, and in such case, under a well known rule of construction, the granting clause must control. It must be conceded that the rule of construction referred to should prevail, if the conflict claimed is, indeed, irreconcilable; but is it in the case of this deed irreconcilable? That is the question to be determined. But there is another equally well recognized rule respecting the construction of deeds, as well as wills and other instruments, which is not to be overlooked in interpreting the deed before us; that is, that such construction is favored by the law as will, if legally possible, give to every part or the instrument a meaning. Under this rule the presumption will be indulged that every word used was inserted for a purpose. If the word "children" could have no other than its usual meaning, and should have to be entirely eliminated from this deed in order to give the caption and habendum the only meaning of which they are susceptible, the conflict between them and the granting clause claimed by counsel for ap-

pellants might be said to exist, and in such case the caption and habendum would have to yield to the granting clause. The word "children," however, is not always restricted in legal instruments to its natural meaning, but is often used in the broader sense of heirs, where all the parts of the deed, *i. e.*, the instrument as a whole, indicate that it was so intended.

If the word children as used in the deed before us should be given the same meaning as heirs, as the caption names William Purdew and Juda Denny as the only parties to the deed, the habendum provides that the title to the land it conveys was unto Juda Denney and her heirs forever, and the covenant of general warranty therein expressed was also to her and her "heirs," these features of the deed would seem to indicate that the only parties to the conveyance were those expressly named and that the estate granted was a fee in the grantee named. This meaning given to the deed presents no repugnance between any of its parts and violates no rule of construction. On the other hand, the construction of the deed contended for by appellants would give no meaning either to the caption or habendum.

In Kelly v. Parsons, 127 S. W. 792, we find a deed the language of which is substantially on all fours with that of the deed involved in the instant case, the only difference being in the sex of the grantees. In that deed as in this the grantee named was the only person designated as the party of the second part; the granting clause conveyed to the party of the second part "and his children;" and the language of the habendum was, "unto the party of the second part, his heirs, etc." In that case the contention was urged, as it is in this case, that the grantee took under the deed a life estate in the real property conveyed, or a joint interest with the children. But we rejected that contention, holding that the word "children" in the deed should be read as "heirs" and construed as a word of limitation and not of purchase, because it was apparent from the deed as a whole that the word "children" was used in the sense of "heirs," and as where they are used interchangeably. In the opinion this conclusion was declared to result from the well known rule of construction we have applied to the deed in the case at bar, viz.: "That the intent of the parties to a deed, as it appears from the whole deed, controls, and technical rules of construction cannot be applied where they lead to a different result." Which rule is again more technically

stated in the syllabus of the opinion as follows: "Where the granting and habendum clauses of a deed are irreconcilable, and the other parts thereof do not make it apparent which the grantor intended should control, the granting clause prevails; but where both parts of a deed may stand together, consistent with the rules of law, they will be construed to have that effect." The doctrine thus announced in the case, *supra*, is not, as claimed by counsel for appellant, in conflict with the weight of authority in this jurisdiction, but on the contrary is supported by a number of cases decided by this and other courts, cited in the opinion; and the opinion has since been cited with approval in the following cases: Mullins v. Mobberly, 145 Ky. 477; Va. Iron and Coal Co. v. Dye, 146 Ky. 521; Meek v. Robards, 157 Ky. 201; Burns v. Mosley, 162 Ky. 201. The rule, too, is bottomed on the even more familiar one: That where language used is so ambiguous or uncertain that it cannot with satisfaction be determined what estate the grantor intended to convey, that construction will be adopted which passes the fee, for the law favors the vesting of estates. Moore's Admrs. v. Sleet, 113 Ky. 600, 68 S. W. 642, 24 Ky. Law Rep. 426; Baxter v. Bryant, 123 Ky. 235, 94 S. W. 633, 29 Ky. Law Rep. 658; Dotson v. Kentland Coal and Coke Co., 150 S. W. 6, 150 Ky. 60.

The cases relied on by appellants' counsel do not conflict with Kelly v. Parsons, *supra*. They, such as Smith v. Smith, 119 Ky. 899; Moffard v. Daugherty, 11 R. 157, and others cited, were cases which involved instruments where the word "children" was used without "some qualifying word in juxtaposition thereto (or elsewhere) to show that it is intended as a word of limitation." After what has been said it is hardly necessary to add that we find no error in the chancellor's construction of the deed in question.

We are also of opinion that the amended petition afforded no ground for the reformation of the deed. The demurrer was properly sustained to it for the reasons: (1) It does not allege that the mistake was mutual, which, as we have repeatedly held, was necessary to authorize the correction. East Jellico Coal Co. v. Carter, 97 S. W. 768; Ison v. Sanders, 163 Ky. 610; Lamasters v. Morgan, 178 Ky. 805. (2) The demand for the reformation of the deed comes too late and the staleness of the transaction, which occurred sixty-five years ago, prevents the reformation of the instrument, and, furthermore, the reforma-

tion was not prayed in the amendment. Board Fund v. Mason, 19 R. 776; Hibbard v. Estrange, 156 Ky. 125; Civil Code, section 90.

The statute of limitations, if relied on, must be pleaded, but the question of the staleness of a claim or demand may be raised by demurrer.

Judgment affirmed.