## Adkins, et al. v. Pikeville Supply and Planing Mill Company.

(Decided June 10, 1927.)

### Appeal from Pike Circuit Court.

1. Contracts.—Where agreement for construction of building was modified by subsequent agreement, plaintiff must declare on it as modified without reference to terms of original contract, which have been dispensed with, and contract as modified must be distinctly pleaded.

2. Contracts.—Where original contract, though modified by subsequent contract, is not entirely superseded by subsequent modification, it, together with modification, constitutes basis of action for breach, and both must be pleaded.

3. Contracts.—Proof of contract to construct building and furnish all material for stipulated price constitutes material variance from pleading, which declares on only an open account made up of material used in construction, since pleadings and proof must coincide.

4. Judgment.—There can be no recovery unless there are both pleadings and proof to sustain it.

5. Reference.—Commissioner should not be allowed any compensation where report sets out no finding on any issue, but recommends judgment in favor of plaintiff for full amount of claim, since such report is in substance no report at all.

STRATTON & STEPHENSON for appellants.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and plaintiff below, Pikeville Supplying & Planing Mill Company, a corporation, contracted to erect on a lot in Pikeville, Ky., owned by appellant and defendants below, Mrs. Annie Adkins, and two of her children, a frame two-story building. It was to be built according to a penciled sketch or plan furnished to plaintiff by defendants and all material furnished by it for a total consideration of $3,700. The first floor was to be occupied by a storeroom and a hall leading to its rear, where a dining room and kitchen were to be constructed, and from the kitchen there was to be a stairway leading to the second story, whereon there were to be four bedrooms, a bathroom, and other designated conveniences. The building was erected, and plaintiff was paid on the contract price the sum of $3,000, leaving a balance unpaid

of the contract price of $700.  Plaintiff brought this action on the ordinary docket of the Pike circuit court against Mrs. Adkins and her son, Squanto Adkins, two of the joint owners of the improved lot, on an open account whereon defendants were charged with the contract price and the items composing the alleged extras, amounting to $209.34, and credited by the $3,000 paid, leaving a balance due, according to the account, of $909.34, for which personal judgment was prayed.

The petition for cause of action stated:

"Plaintiff says that at defendants' special instance and request, it sold to the defendants Anna Adkins and Squanto Adkins lumber, builders' supplies, and building materials, and that defendants promised and agreed to pay for same, but that there is a balance due on same of $909.34.  An itemized statement of said account is filed herewith, and made a part of this petition, and is marked Exhibit A, for identity.  Plaintiff says that the prices charged for same are reasonable, and that defendants promised to pay same, and that same is just, past due, and unpaid."

That language is immediately followed by the prayer for judgment for $909.34.  The answer categorically denied the above excerpt from the petition, and in a second paragraph it was averred that plaintiff entered into the contract hereinbefore set out for the consideration named, and that it had been paid thereon the sum of $3,000; that it failed to erect the building according to the plans agreed upon and had violated its contract in several particulars which that paragraph specifically set out.  Among such violations as therein pleaded were: That instead of constructing four bedrooms on the second floor as the plan called for plaintiff had constructed only three; that it had run the stairway contrary to that indicated on the plans and so as to destroy some space on the second story; that it had hung some of the doors on the wrong side and had put the locks thereon so high as to render their use inconvenient and them unsightly; that the roof leaked in places, and the wiring did not comply with the contract; and, finally, that instead of putting in a plate glass front in the storeroom on the ground floor plaintiff had used an old sash front; and that by reason of such violations and others insisted on

defendants had been damaged in the total sum of $2,-271.25, for which they prayed judgment against plaintiff. The reply to that paragraph of the answer was a specific and categorical denial without any intimation of any change or modifications of the terms of the contract as set out in the same paragraph of the answer.

The court then upon defendants' motion transferred the cause to the equity docket, but upon what ground we are at a loss to know. It was then referred to the master commissioner to "take such proof as either party may desire and report his act to this court." Both parties then took depositions wherein defendants testified to the contract as above outlined as well as its violations as contended in the second paragraph of their answer. They also testified that their building as constructed was damaged in the respective amounts set up in that pleading. Plaintiff's testimony admitted the contract, but justified the matters complained of in the second paragraph of the answer upon the ground that the original contract was mutually modified so as to conform to the building as actually constructed, and that defendants had thereby waived a literal performance of the contract as first made. Such testimony was given and admitted in the face of the fact that no pleading of plaintiff's throughout the record had sought a recovery, except upon an open account. Not an intimation was made in any of plaintiff's pleading that there was a contract to construct any building. Defendants had denied in the first paragraph of their answer that they were liable on any open account. and in the second paragraph they set out the facts concerning the contract to construct the building and to furnish the material, all for a fixed price, and, as we have hereinbefore said, the only reply made thereto was a denial. The issue, then, to be tried, according to the pleading, was: First, whether there was a contract; and, if so, then, second: Did plaintiff construct the building according to its terms? Under those issues if the material sued for was furnished under a contract to construct the building and also to furnish the material for an agreed consideration, then defendants were not liable on an account for the necessary material, but only for the unpaid portion of the contract price; provided the building had been constructed according to the contract. On the other hand, under the same issues plaintiff was liable

on the counterclaim to the extent of the proven damages if it did not construct the building according to the contract. The issues, as made by the pleadings, were not sufficient to permit plaintiff to avoid its failures, if any, by proof of modifications of the contract, since none such were relied on in any pleading, but which we think was necessary and should have been done .

The text in 13 C. J. 721, par. 853, says, inter alia:

"Where an agreement has been modified by a subsequent agreement, plaintiff must declare on it as modified, without reference to the terms of the original contract which have been dispensed with; and the contract as modified must be distinctly pleaded, although if the original contract was not entirely superseded by the subsequent modification, it, together with such modification, constitutes the basis of the action."

A great number of cases from many courts are cited in note 64 to that text, among which is Wilkins v. Duncan, 2 Litt. 168, which supports the rule of pleading contained in the text. Surely, it requires no argument to demonstrate that proof of a contract to construct a building and furnish all material for a stipulated price constitutes a material variance from a pleading which declares on only an open account made up of the material used in the construction, and such a practice violates the well-established rule that the pleadings and the proof must coincide and that there can be no recovery unless there are both pleadings and proof to sustain it. In other words, the one without the other is not sufficient to entitle the litigant to relief. The only issue, therefore, under the pleadings, as we have pointed out, was the extent of defendants' damage under their counterclaim growing out of plaintiff's confessed failure to construct the building according to the contract, since, as we have seen, such failure was admitted in plaintiff's testimony though denied in its pleadings, and with no attempt of avoidance anywhere in the pleadings.

Upon the amount of damages to which defendants are entitled under the proof the testimony is very unsatisfactory. We are convinced that the amounts fixed in the pleading, as well as those given in defendants' testimony, are greatly exaggerated. The commis-

sioner in his alleged report set out no finding of fact either on this or any other issue, but only recommended a judgment in favor of plaintiff for the full amount of its claim, and which is, in substance, no report at all, and for which he should not be allowed any compensation. Notwithstanding the condition of the proof as indicated upon the extent of defendants' damage, there is enough in the record, and we are so convinced from reading it, to sustain a finding that defendants were damaged at least to the extent of the amount sued for, and we think the justice of the case will be met by so holding.

Wherefore the judgment is reversed, with direction to set it aside and to offset the claim sued for by an equal amount of damages allowed to defendants, and to dismiss the petition.