## Stimson's Ex'x v. Tharp.

Nov. 12, 1940.

L. L. Hindman, Judge.

R. O. Willingham for appellant.

Robert L. Geveden for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part and reversing in part.

D. C. Stimson sued Luther Tharp to recover possession of a team of mules, harness and a wagon, claiming that he had let the defendant have them under an option to buy which had not been exercised according to its terms. The plaintiff executed bond and obtained the property by a writ of delivery. Section 180 et seq., Civil Code of Practice. Stimson died and the case was revived by his executrix. Tharp pleaded that he had bought the property from Stimson for $425, and had paid him through the retention of money due for labor in hauling and loading timber. On defendant's motion and without objection, the case was transferred to the equity docket. A special commissioner recommended that judgment go for the defendant, and the court, overruling exceptions thereto, rendered such a judgment. The plaintiff has prayed an appeal and the defendant moved for a cross-appeal from an order refusing to hear evidence and give judgment on his claim for damages suffered by reason of the detention of the team and wagon during the period they were held by the plaintiff under the order of delivery.

It was not definitely proved that Stimson ever had title to the property. It appears that Tharp bought the team and harness from Barclay and the wagon from Page, and that Stimson paid for them under an agreement that he should deduct the purchase price from what he would be owing Tharp on a logging contract. Plaintiff's proof tended to show that this had not been done or, at least, that only part of the money was retained, and that Tharp had recognized that Stimson owned and was entitled to the property. The evidence is in conflict on these points. However that may be, nearly all the proof is that Tharp bought the property and Stimson merely advanced the money with which to pay for it. An action of claim and delivery is in ordinary and is but a substitute for the common law action of replevin. The plaintiff must recover on the strength of his own title, that is, prove a general or special ownership entitling him to lawful possession. Daniel v. Daniel, 6 B. Mon. 230, 45 Ky. 230; Hibbard v. Estridge, 156 Ky. 122, 160 S. W. 746; Halcomb v. Phipps, 194 Ky. 648, 240 S. W. 363. The fact of payment or nonpayment of the purchase price has no bearing on the question of title unless payment was a condition to passing title, and that was not established in

this case. Gowin v. Lake, 243 Ky. 442, 48 S. W. (2d) 1059. We concur in the judgment of the court in favor of the defendant on the merits of the case.

The appellant argues that it was error to permit the defendant to amend his answer and retract his verified pleading that he had bought the property from the plaintiff, Stimson, and to plead that he had bought it from other parties. It appears the amended answer was lodged with the commissioner during the taking of depositions. It states that the original pleading was an error of counsel and that the amendment was made to conform to the proof. We think the filing of the amended answer was proper as being in furtherance of justice. Section 134 of the Civil Code of Practice.

The defendant traversed the petition, set up his own rights in the property, and prayed that it be returned to him or that he recover its value and ''for any and all other relief to which he may be entitled.''

This was in the nature of an action against the plaintiff for the return of the property and damages for the taking and withholding of it as allowed by Section 388 of the Civil Code of Practice. Rogers v. Bradford, 8 Bush. 163, 71 Ky. 163. But neither the original nor the amended answer was denominated a counterclaim. However, issues having been joined on the allegations, this omission was waived. Lancaster v. Cambron, 158 Ky. 396, 165 S. W. 416; Cherry v. Cherry, 162 Ky. 245, 172 S. W. 505.

The report of the special commissioner merely recited that he had heard the testimony orally and recommended judgment for the defendant. Such a report has been condemned where the conditions were different and required findings of fact on particular issues. Adkins v. Pikeville Supply & Planing Mill Company, 220 Ky. 476, 295 S. W. 440. The report did not embody the transcript of testimony as a part, but it was filed in court and considered by the judge on the exceptions. The condition of the record cannot be held sufficient to reverse the judgment, for there has been a complete hearing by the trial court.

If it be assumed that the evidence established the fact that the defendant had not repaid money advanced by Stimson and that his estate had an equitable lien on

the property to secure the repayment, it is sufficient to point out that the cause of action was strictly limited to one of claim and delivery and the pleading did not authorize a judgment declaring and enforcing such a lien. The foregoing arguments for the reversal of the judgment on a direct appeal cannot be sustained.

On the same day the judgment was entered, the defendant filed a motion that the court hear evidence and fix damages suffered by him through the plaintiff's taking and detention of the property under the order of delivery fifteen months before. The judgment overruled this motion. It is provided in Section 388 of the Civil Code of Practice that in an action for the possession of specific personal property, if it has been delivered to the plaintiff and the defendant claims a return thereof, judgment for the defendant may be for its return or its value, if a return cannot be had, "and damages for the taking and withholding of the property"; and in Section 330 of the Civil Code of Practice it is provided that if a verdict authorizes a judgment for the recovery or return of specific property the jury shall assess damages "for the taking or detention of it."

In Rogers v. Bradford, supra, it was held that the trial court properly overruled plaintiff's motion to dismiss his action for the recovery of a horse after having obtained its possession by executing bond, since the defendant was entitled to have his cause or counterclaim for its return and damages tried. In Mounts v. Murphy, 126 Ky. 803, 804, 104 S. W. 978, 31 Ky. Law Rep. 1192, an action was brought on a bond executed by a plaintiff to obtain possession of some oxen and their accoutrements according to the terms of Section 184 of the Civil Code of Practice. The final judgment went in favor of the defendant. In a separate suit the defendant in the first action sought damages for loss sustained by the detention of the cattle and their depreciation in value during the period they were held by the plaintiff in the original action. We held that while a separate suit could be maintained on the bond for the depreciation in the value of the property, a separate suit for damages for loss of use during its retention was not authorized since that was a matter which should have been presented and determined in the original action. The defendant in that case had failed to present the question and was, therefore, held to be barred from recovery

from the surety on the bond under the terms of Section 388 of the Civil Code of Practice. See also Howard v. Wyatt, 145 Ky. 424, 140 S. W. 655; Annotations, 6 A. L. R. 478; 24 A. L. R. 1189; 85 A. L. R. 674. However, in Kentucky Land & Immigration Company v. Crabtree, 118 Ky. 395, 80 S. W. 1161, 26 Ky. Law Rep. 283, 4 Ann. Cas. 1133, where the court had permitted the plaintiff to dismiss his action for claim and delivery after obtaining possession of the property, we held the defendant had a right to maintain a separate suit for damages for its retention. In the case at bar the judgment, as we have stated, was in favor of the defendant and directed the return of the property or, alternatively, payment of $425, the value fixed in the bond, together with the costs of the action.

The question of procedure appears. In Bates v. Buchanan, 2 Bush 117, 65 Ky. 117, the answer was confined to a denial of plaintiff's title, an averment of defendant's title, and a prayer for dismissal of the petition with costs. Though the answer was regarded as defective because of the omission of a claim for restitution, it was deemed sufficient to put the title in issue. It was held that the right to damages is a legal sequence of title and a judgment for restitution, and that the finding for the defendant entitled him to a judgment for damages without a specific charge or prayer. It is pointed out that if a specific pleading were necessary the jury would be limited to damages for the detention before its filing even though the property had been wrongfully detained for a long time. Said the court:

> "It results, from the nature and object of the action of replevin, that the right to damages is incidental to the right to restitution, and must accompany it to the time of adjudging restitution; for not only does the title to restitution carry with it all the incidents, but the admitted right to damages; for detention, if confined to the time of pleading, would be a mockery. Even in detinue, therefore, it is not so limited."

While the claim for damages might have been specifically made in the answer and counterclaim and brought down to date of restitution by amendment, we think the successful defendant took appropriate course to secure a consideration of his claim, although perhaps

his motion should have been more specific as to the element of damages in order that issues might be raised in respect thereto. We, therefore, conclude the court was in error in overruling this motion.

The appeal is granted and on it the judgment affirmed. The cross-appeal is allowed and the judgment reversed thereon for consistent proceedings.