## Union Light, Heat & Power Co. v. City of Bellevue.

Nov. 12, 1940.

Raymond L. Murphy, Judge.

Matt Herold for appellant.

William J. Wise for appellee.

Opinion of the Court by Judge Cammack—Reversing.

The franchise under which the Union Light, Heat & Power Company agreed to furnish electric service to the City of Bellevue and its residents for a 10-year period beginning the latter part of 1930 provided, among other things, that in the event lower charges for electric service should be put into effect in the cities of Covington and Newport during the life of the franchise, the lower rates would be put into effect in Bellevue within one month thereafter. During the life of the franchise lower rates were put into effect in Covington and Newport by virtue of certain refunds to the consumers for electric current furnished during the period between the initial monthly meter readings taken after December, 1933, and the initial monthly meter readings taken after September, 1934. No accompanying reductions or refunds were made in Bellevue.

This action was filed by the City under the Declaratory Judgment Act in 1938. The prayer of the petition was:

"Wherefore, the plaintiff prays for the judgment of this Court settling and determining the controversy existing between the plaintiff and defendant and declaring the rights of plaintiff and its inhabitants, residents and taxpayers under the terms and conditions of the contract set out herein; that the Court adjudge that the defendant make such refunds to the inhabitants, residents and taxpayers of the plaintiff City of Bellevue as may be necessary to provide that the rate or rates charged them by the defendant for residence purposes be reduced to conform to the lower rate or rates charged the inhabitants, residents and taxpayers of the City of

. Covington for residence purposes during the period between the monthly meter reading occurring on the 9th day of January, 1934, and the monthly meter reading occurring on the 10th day of September, 1934; for plaintiff's costs herein and for all proper relief.''

The petition does not state when the refunds were made to the consumers in Covington and Newport, nor does it state that interest was paid thereon.

The special and general demurrers of the Company were overruled. Thereafter judgment was entered in which it was directed that the Company make the refunds prayed for with interest thereon. The Company, taking the position that the court erred in allowing interest, filed a motion asking that the judgment be so modified. The motion was overruled; hence this appeal.

It is insisted by the Company that the petition does not warrant the adjudging of interest, and that the aforementioned prayer thereof does not entitle the City to a judgment for interest. We think the position of the Company is well taken.

Section 90 of the Civil Code of Practice provides:

''The petition must state facts which constitute a cause of action in favor of the plaintiff against the defendant, and must demand the specific relief to which the plaintiff considers himself entitled; and may contain a general prayer for any other relief to which the plaintiff may appear to be entitled. If no defense be made, the plaintiff can not have judgment for any relief not specifically demanded; but, if defense be made, he may have judgment for other relief, under a prayer therefor.''

As indicated above, the only defense made by the Company was the filing of the general and special demurrers. The filing of a demurrer is not the making of a defense within the meaning of Section 90 of the Civil Code of Practice. Board of Sinking Fund Commissioners v. Mason & Foard Company, 41 S. W. 548, 19 Ky. Law Rep. 771; Bradley v. Sears, 138 Ky. 230, 127 S. W. 782; Hibbard v. Estridge, 156 Ky. 122, 160 S. W. 746; Denney v. Crabtree, 194 Ky. 185, 238 S. W. 398. It follows that, since there was no prayer for interest, the chancellor erred in adjudging that interest be paid on

**408**

the refunds. Having reached this conclusion, it is unnecessary to discuss the proposition of whether the debt was a liquidated one upon which interest would have been allowable had other defense been made by the Company. Nor do we think that Section 639a—4 of the Civil Code of Practice would warrant the allowance of interest as supplementary relief because of the proceeding being one under the Declaratory Judgment Act.

It follows, therefore, that the judgment should be and it is reversed with directions to set it aside and to enter a judgment in conformity with this opinion.